IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAY 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL NO.   B-02.0871 |
| | * | |
| FRANK M. TOLLEY, also known as | * | |
| FRANK DONZELLA, individually and | * | |
| on behalf of FOXRUN & CO., his nominee, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

For its complaint, which has been authorized and requested by a duly authorized delegate of

the Secretary of the Treasury of the United States of America and directed on behalf of the Attorney

General of the United States pursuant to 26 U.S.C. §§ 7401 and 7403, the United States of America

alleges as follows:

### JURISDICTION AND VENUE

1.    This is a civil action brought by the United States to: (1) reduce to judgment federal income

(1040) tax assessments against defendant Frank M. Tolley; (2) foreclose the federal tax liens

on the property located at 135 E. Bahama and/or 129 E. Bahama, South Padre Island,

Cameron County, Texas 78520; (3) set aside the fraudulent conveyance of such property; (4)

obtain a sale of such property; and (5) obtain a judgment for any amount remaining unpaid

after the distribution and application of the proceeds when the subject property is sold.

2.    This Court has jurisdiction pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and1396.

-1-

## PARTIES

4.    Plaintiff is the United States of America.

5.    Defendant Frank M. Tolley, the taxpayer, also known as Frank Donzella, individually and

on behalf of Foxrun & Co., his nominee, may be served at 3527 Oaklawn, Apt. 351, Dallas,

TX 75219 or at 135 E. Bahama, South Padre Island, TX 78520. Tolley is a party to this

lawsuit because he failed to satisfy his federal income (1040) tax liabilities for tax years

1989, 1990, and 1991.

## THE TAX LIABILITY

6.    A delegate of the Secretary of the Treasury assessed against, and gave notice and demand to

Tolley for unpaid income (1040) taxes, penalties, statutory additions, and interest for the

years 1989, 1990, and 1991, which have accrued, as of May 31, 2001, to the amount of

$572,985. On April 5, 1994, the United States Tax Court entered a Decision determining

1989, 1990, and 1991 income tax deficiencies against Tolley, a true copy of which is

attached as **Government Exhibit 1.** The table below shows the form (type of tax), period of

assessment, and unpaid balance for each of the tax years in question, as to which the United

States seeks to reduce this tax liability owed by Tolley to judgment through this lawsuit:

| FORM (INCOME) | PERIOD | ASSESSMENT DATE | UNPAID BALANCE AS OF 5-31-01 | LOCATION (WHERE TAX LIEN WAS FILED) |
|---|---|---|---|---|
| 1040 | 12/31/89 | 06/24/94 | $213,889 | Cameron County |
| 1040 | 12/31/90 | 06/24/94 | $340,463 | Cameron County |
| 1040 | 12/31/91 | 06/24/94 | $18,634 | Cameron County |

## FORECLOSE FEDERAL TAX LIENS

7.    The real property that is the subject of this action is located at 135 E. Bahama or at 129 E. Bahama, South Padre Island, Cameron County, Texas 78520 (hereinafter "the Bahama property"). The Bahama property is more particularly described as follows:

> The property in question consists of real property located at the north half of Russell-Champion Subdivision, South Padre Island, Cameron County, Texas. It is on the corner of Bahama and Gulf Boulevard, South Padre Island, Texas. The address has been described as both 135 E. Bahama and 129 E. Bahama. The actual number is somewhat unclear as the mail in South Padre Island is delivered to post office boxes and the use of numbers on houses is somewhat infrequent.

8.    Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the plaintiff, United States of America, against all property and rights to property, whether real or personal, belonging to the taxpayer as of the date of the assessments described above, or acquired thereafter.

9.    The United States recorded a Notice of Federal Tax Lien against Foxrun & Co., as nominee of Frank M. Tolley, taxpayer, in the real property records of Cameron County in Brownsville, Texas on October 7, 1999, for the tax years 1989, 1990, and 1991, and an amended tax lien on October 20, 2000 for the same tax years.[1] The United States seeks a judgment foreclosing this nominee lien and ordering the Bahama property sold to pay Tolley's federal taxes.

10.    The Bahama property was purchased by Tolley from Abraham and Guillerminia Galonsky with money down and a balance of $35,000.00 reflected on a note styled as a warranty deed with vendor's lien filed on September 14, 1989 in the Cameron County Clerk's office in

---

[1] Copies of the Notices of Federal Tax Lien are attached as **Government Exhibit 2.**

Texas. A deed of trust was also filed on September 14, 1989 in the Cameron County Clerk's office in Texas.[2]

11.     The above lien was released via a Release of Lien signed September 5, 1990 and filed on September 11, 1990 in the Cameron County Clerk's office in Texas.

12.     A warranty deed transferring the Bahama property from Tolley to an entity styled "Foxrun & Co., Nominee" was signed January 7, 1992 and filed February 6, 1992.[3]

13.     Tolley was scheduled to meet with the Internal Revenue Service regarding his tax examination on January 7, 1992. The exam took place in Dallas which is where the taxpayer was living at the time. Tolley's representative had told the IRS that the taxpayer would not be present at the meeting because he was out of town that day.

14.     Tolley signed the warranty deed for the Bahama property, transferring the property to his nominee, Foxrun & Co., on January 7, 1992, the day he was supposed to first meet with the Internal Revenue Service.

15.     The address of Box 560182, Dallas, Texas 75356, for Foxrun & Co. stated on the warranty deed was the same that Tolley was using for himself at the time of the tax examination. See **Government Exhibit 4**. Compare **Government Exhibit 3**.

---

[2] A copy of the deed of trust is attached as **Government Exhibit 3**.

[3] Copies of the warranty deeds are attached as **Government Exhibit 4**.

16.     The address that has been given to the Cameron County Tax Assessors by Foxrun & Co. for the purpose of receiving tax statements is 305 Elm St., Abbeville, Alabama 36310 and the street location per the post office does not exist, nor is Foxrun & Co. known.[4]

17.     The records of the Point Isabel School District Tax Office show that the address for Foxrun & Co. is 305 Elm St., Abbeville, Alabama.

18.     The purported transfer of the Bahama property by Tolley to Foxrun & Co., his nominee, was intended to hinder, delay, or defraud the United States of taxes due. Pursuant to § 24.005 of the Texas Uniform Fraudulent Transfer Act ("UFTA"), Chapter 24 of the Texas Business and Commerce Code, the purported transfer was fraudulent and of no effect as to the United States.

19.     The purported transfer of the Bahama property by Tolley to Foxrun & Co., as his nominee, was made without receiving reasonably equivalent value in exchange for the transfer. Additionally, Tolley intended to incur, or believed or reasonably should have believed that he would incur debts, including the federal tax liabilities he owes, beyond his ability to pay as they became due. Therefore, pursuant to section 24.005 of the UFTA, the purported transfer was fraudulent and of no effect as to the United States.

WHEREFORE, the United States respectfully requests that this court order, adjudge, and decree:

1.     That the taxpayer Frank M. Tolley (a.k.a. Frank Donzella) is indebted to the United States for his 1989, 1990, and 1991 federal income (1040) taxes in the amount of $572,985 as of

---

[4] Copies of the Cameron County Tax Assessors and Point Isabel School District records are attached as **Government Exhibit 5**.

May 31, 2001, plus penalties, statutory additions and interest accrued, as provided by law, from that date until paid, and reduce this tax liability to judgment;

2.      That the transfer of the Bahama property from Tolley to Foxrun & Co. was a fraudulent conveyance and of no effect as to the lien claims of the United States, and that the transfer be set aside as fraudulent;

3.      That the federal tax liens of the United States be foreclosed upon the Bahama property, that the property be ordered sold by the United States Marshal at a judicial sale, that the proceeds thereof be first applied to the costs of the sale, and that the sale proceeds be applied in satisfaction of the tax liens of the United States and in partial payment of the federal income tax debts of Tolley;

4.      That if the amounts distributed to the United States pursuant to the sale of the Bahama property above are insufficient to satisfy fully Tolley's tax liabilities, the United States have judgment for the deficiency against Tolley;

5.      That the United States be awarded a surcharge of ten percent of the amount of the tax debt under 28 U.S.C. § 3011, to cover the cost of the litigation and enforcement of the claim for the debt; and

6.      That the United States be awarded other such relief as is just and proper.

MICHAEL T. SHELBY
United States Attorney

RAMONA S. NOTINGER
Texas Bar No. 19158900
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
KPMG Centre
Dallas, Texas  75201
(214) 880-9766 fax: (214) 880-9742

ATTORNEYS FOR THE UNITED STATES

## UNITED STATES TAX COURT

FRANK M. TOLLEY, )
)
               Petitioner, )
)
     v. )     Docket No. 12717-93
)
COMMISSIONER OF INTERNAL REVENUE, )
)
               Respondent. )

### DECISION

Pursuant to the agreement of the parties in the above-entitled case, it is

ORDERED AND DECIDED:  That there are deficiencies in income tax due from the petitioner for the taxable years 1989, 1990 and 1991 in the amounts of $63,987.00, $112,122.00 and $6,283.00, respectively;

That there is an addition to tax due from the petitioner for the taxable year 1991, under the provisions of I.R.C. § 6651(a), in the amount of $628.00;

That there are additions to tax due from the petitioner for the taxable years 1989, 1990 and 1991, under the provisions of I.R.C. § 6662, in the amounts of $12,797.00, $22,424.00 and $1,257.00, respectively; and

That there are no additions to tax due from the petitioner for the taxable years 1989, 1990 and 1991, under the provisions of I.R.C. § 6663.

(Signed) L. W. Hamblen, Jr.

Judge.

Entered:    APR    5 1994

\*          \*          \*          \*          \*



Docket No. 12717-93

It is hereby stipulated that the Court may enter the foregoing decision in the above-entitled case.

It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies and additions to tax (plus statutory interest) until the decision of the Tax Court becomes final.

DAVID L. JORDAN
Acting, Chief Counsel
Internal Revenue Service

JOHN D. COPELAND
Counsel for Petitioner
Tax Court No. CJ1246
325 N. St. Paul  Suite 2300
Dallas, Texas 75201
Telephone: (214) 742-8422

By:  HELEN T. REPSIS
Assistant District Counsel
Tax Court No. RH0051
4050 Alpha Road
13th Floor NWSAT 2000
Dallas, Texas  75244-4203
Telephone: (214) 308-7900

Date:  2/25/94

Date:  3/25/94

-2-

Form 668 (Y) (c)
(Rev. August 1997)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| South Texas | 749959001 | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

43292

| Name of Taxpayer | Fox Run & Co., as a Nominee of Frank M. Tolley |
|---|---|

| Residence | 943 N. Expressway #15-81 Brownsville, Texas 78521 |
|---|---|

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12-31-1989 | 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 | 07-16-1990 | 08-15-2000 | |
| 1040 | 12-31-1989 | 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 | 06-23-1994 | 07-23-2004 | 108919.45 |
| 1040 | 12-31-1990 | 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 | 06-03-1991 | 07-03-2001 | |
| 1040 | 12-31-1990 | 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 | 06-23-1994 | 07-23-2004 | 171924.71 |
| 1040 | 12-31-1991 | 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 | 12-28-1992 | 01-27-2003 | |
| 1040 | 12-31-1991 | 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 | 06-23-1994 | 07-23-2004 | 9388.65 |

This notice of Federal Tax Lien is intended to reach the below described real property.
Being the North 1/2 of Russell-Champion Subdivision, South Padre Island, Cameron County, Texas, according to the Map or Plat thereof recorded in Volume 19, Page 62, Map Records of Cameron County, Texas.

| Place of Filing | Real Property Cameron County Brownsville, Texas 78520 | Total | $ | 290232.82 |
|---|---|---|---|---|

This notice was prepared and signed at _____ Harlingen, Texas _____ , on this,

the ___6th___ day of ___October___ , ___1999___ .

GOVERNMENT
EXHIBIT
2

| Signature | David Robinson 74-20.71 | Title | Revenue Officer |
|---|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

FILED FOR RECORD
AT _____

Oct 7  11 35 AM '99

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

43292

**Form 668 (Y)(c)**
(Rev. October 2000)

rtment of the Treasury - Internal Re    Service

*Exh. N*

# Notice of Federal Tax Lien

| | | |
|---|---|---|
| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #10<br>Lien Unit Phone: (512) 499-5231 | Serial Number<br>747072409 | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

AMENDED TAX LIEN
PLEASE ATTACH TO
EXISTING LIEN AT
FILE NO. 43292

*47861*

| | |
|---|---|
| Name of Taxpayer | FOXRUN & CO., AS NOMINEE OF FRANK M. TOLLEY<br>Nominee of |
| Residence | 943 N. EXPRESSWAY #15-81<br>BROWNSVILLE, TX 78521 |

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1989 | 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 | 07/16/1990 | N/A | |
| 1040 | 12/31/1989 | 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 | 06/23/1994 | 07/23/2004 | 108919.45 |
| 1040 | 12/31/1990 | 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 | 06/03/1991 | 07/03/2001 | |
| 1040 | 12/31/1990 | 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 | 06/23/1994 | 07/23/2004 | 171924.72 |
| 1040 | 12/31/1991 | 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 | 12/28/1992 | 01/27/2003 | |
| 1040 | 12/31/1991 | 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 | 06/23/1994 | 07/23/2004 | 9388.65 |

This Notice of Federal Tax Lien is intended to reach the below described real property:
Being the North ½ of RUSSELL-CHAMPION SUBDIVISION, SOUTH PADRE ISLAND, Cameron County, Texas, according to the Map or Plat thereof recorded in Volume 19, Page 62, Map Records of Cameron County, Texas.

THIS CERTIFICATE OF FEDERAL TAX LIEN HAS BEEN EXECUTED AND WILL BE FILED FOR THE SOLE PURPOSE OF CORRECTING THE "NAME OF TAXPAYER" ON THE NOTICE OF FEDERAL TAX LIEN NO. 749959001, FILED OCTOBER 7, 1999, WITH THE CAMERON COUNTY CLERK, COUNTY COURTHOUSE, BROWNSVILLE, TEXAS IN THE REAL PROPERTY RECORDS.

| Place of Filing | Real Property<br>Cameron County<br>Brownsville, TX 78522 | Total | $ | 290232.82 |
|---|---|---|---|---|

This notice was prepared and signed at _____ Austin, TX _____ , on this,

the ____ 20th ____ day of ____ October ____ , ____ 2000 ____.

| Signature<br>*Rick Ryser*<br>for DAVID ROBINSON | Title<br>Revenue Officer<br>(956) 427-8585 | 74-01-3714 |
|---|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 2 - Internal Revenue Service TDA Copy**

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

FILED FOR RECORD

AT_____

2008 OCT 26  P 2: 21

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY_____ DEPUTY

47861

*Exh H*

22654

2402
Prepared by the State Bar of Texas for use by lawyers only.
Revised 10/85; 12/87.
© 1985 by the State Bar of Texas

VOL **923** PAGE **175**

# DEED OF TRUST

Date:        August 28, 1989        OFFICIAL RECORDS

Grantor:     FRANK TOLLEY

Grantor's Mailing Address (including county):    P. O. Box 560182, Dallas, Dallas
                                                 County, Texas  75356

Trustee:     PAUL HEMPHILL

Trustee's Mailing Address (including county):    815 Ridgewood, Brownsville,
                                                 Cameron County, Texas  78520

Beneficiary:    ABRAHAM GALONSKY, Trustee and GUILLERMINIA GALONSKY, Trustee

Beneficiary's Mailing Address (including county):    1304 E. Adams St., Brownsville,
                                                     Cameron County, Texas  78520

Note(s)
    Date:        August 28, 1989

    Amount:      THIRTY FIVE THOUSAND AND NO/100 ($35,000.00) DOLLARS

    Maker:       FRANK TOLLEY

    Payee:       ABRAHAM GALONSKY, Trustee and GUILLERMINIA GALONSKY, Trustee

    Final Maturity Date:        October 10, 1990

    Terms of Payment (optional):  As therein provided for in said Note.

Property (including any improvements):

    Being the North 1/2 of Russell-Champion Subdivision, South Padre
    Island, Cameron County, Texas, according to map or plat thereof
    recorded in Volume 19, Page 62, Map Records of Cameron County,
    Texas;

Prior Lien(s) (including recording information):    NONE

GOVERNMENT
EXHIBIT
3

VOL 923 PAGE 176

Other Exceptions to Conveyance and Warranty:

Easements, restrictions, mineral reservations and other conditions of record, if any, affecting said property.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**

Grantor agrees to:

1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
   c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
   b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
   c. any amounts required by law to be paid before payment to Grantor; and
   d. to Grantor, any balance.

VOL 923 PAGE 177

**General Provisions**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any Trustee's deed conveying the property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term *note* includes all sums secured by this deed of trust.

11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.

13. Grantor represents that this deed of trust and the note are given for the following purposes:

The debt evidenced by the note is in part payment of the purchase price of the property; the debt is secured both by this deed of trust and by a vendor's lien on the property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this instrument shall be cumulative. Beneficiary may elect to foreclose under either of the liens without waiving the other or may foreclose under both. The deed is incorporated into this deed of trust.

*Frank Tolley*

FRANK TOLLEY

VOL 923 PAGE 178

(Acknowledgment)

STATE OF TEXAS
COUNTY OF DALLAS

This instrument was acknowledged before me on the     31st     day of     August     , 19 89
by    Frank Tolley



LYNDA FRY CREEKMORE
Notary Public
STATE OF TEXAS
My Comm. Exp. June 17, 1991

Notary Public, State of Texas
Notary's name (printed):  Lynda Fry Creekmore

Notary's commission expires:     6/17/91

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the                    day of                    
by
of
a
corporation, on behalf of said corporation.

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me

Notary Public, State of Texas
Notary's name (printed):
Notary's commission expires:

S. Rivera
County Clerk
Cameron County, Texas

AFTER RECORDING RETURN TO:

Abraham Galonsky, Trustee and
Guillermina Galonsky, Trustee
1304 E. Adams St.
Brownsville, Texas  78520

PREPARED IN THE LAW OFFICE OF:

Jeffrey E. Church
P. O. Box 2728
South Padre Island, Texas  78597

FILED FOR RECORD
AT

SEP  1  4 22 PM '89

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY                    DEPUTY

22654

*Exh G*

2253 **22653**    VOL **923** PAGE **171**

Prepared by the State Bar of Texas for use by lawyers only.
Revised 10-85.
© 1985 by the State Bar of Texas

# WARRANTY DEED WITH VENDOR'S LIEN

OFFICIAL RECORDS

Date:  August 23, 1989

Grantor:  Abrahan Galonsky, Trustee and Guillermina Galonsky, Trustee

Grantor's Mailing Address (including county):

Grantee:  Frank Tolley

Grantee's Mailing Address (including county):   P. O. Box 560182, Dallas
Dallas County, Texas  75356

Consideration:  Ten and No/100 Dollars and a note of even date that is in the principal
amount of Thirty Five Thousand Dollars ($35,000.00) and is executed by
Grantees, payable to the order of Grantor, it is secured by a Vendor's
Lien retained in this Deed and by a Deed of Trust of even date from Grantee
to Paul Hemphill, Trustee,

Property (including any improvements):

Being the North 1/2 of Russell-Champion Subdivision, South Padre Island,
Cameron County, Texas, according to Map or Plat thereof recorded in
Volume 19, Page 62, Map Records of Cameron County, Texas.



GOVERNMENT
EXHIBIT
4

Reservations from and Exceptions to Conveyance and Warranty:

(e)  Reservation of One-sixteenth (1/16) non-participating royalty interest, being 1/2
of 1/8 interest in all oil, gas and other minerals in Deed dated October 12, 1951,
executed by South Padre Island Corporation to John L. Tompkins, Trustee, and recorded
in Volume 527, Page 129, Deed Records, Cameron County, Texas, reference to which
instrument is here made for all purposes.  Title to said interest not checked
subsequent to date of aforesaid instrument.

(f)  Reservation of all oil, gas and other minerals, SAVE AND EXCEPT 1/4th of 1/8th
royalty interest, in Deed dated August 28, 1956, executed by John Tompkins,
Trustee to George E. Knox and recorded in Volume 633, Page 230, Deed Records,
Cameron County, Texas, reference to which instrument is here made for all purposes.
Title to said interest not checked subsequent to date of aforesaid instrument.

(g)  Reservation of all oil, gas and other minerals, SAVE AND EXCEPT 1/4th of 1/8th
royalty interest, in Deed dated January 24, 1961, executed by John Tompkins,
Trustee to Reeves Russell and T.H. Snead and recorded in Volume 705, Page 58,
Deed Records, Cameron County, Texas, reference to which instrument is here made
for all purposes.  Title to said interest not checked subsequent to date of
aforesaid instrument.

(c)  Statutory rights in favor of Cameron County Fresh Supply District No. One (1),
pursuant to applicable sections of the Texas Water Code.

(d)  Easements in favor of Cameron County Fresh Supply District No. One (1).

(h)  Utility Easement, along the West side as shown on the map of the subdivision
herein referred to.

(i)  Twenty five foot (25') building line along the North and East side as shown on
the map of the subdivision herein referred to.

(j)  Overlapping of improvements (2 story frame house) into the utility easement along
the West side as shown on Survey dated July 18, 1989, bearing job no. 2980,
prepared by Megia & Rose, Incorporated.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

STATE OF TEXAS
COUNTY OF CAMERON

VOL 923 PAGE 173

This instrument was acknowledged before me on the ___31st.___ day of ___August___
1989.

_____
Abraham Galonsky, Trustee

_____
Guillerminia Galonsky, Trustee

(Acknowledgment)

STATE OF TEXAS
COUNTY OF Cameron

This instrument was acknowledged before me on the ___31st___ day of ___August___ , 19 89
by Abraham Galonsky, Trustee and Guillerminia Galonsky, Trustee

_____
Notary Public, State of Texas
Notary's name (printed):
Noemi G. Campos
Notary's commission expires: 4/21/93

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the _____ day of _____ , 19 ___
by _____
of _____
a _____ corporation, on behalf of said corporation.

_____
Notary Public, State of Texas
Notary's name (printed):

Notary's commission expires:

AFTER RECORDING RETURN TO:                    PREPARED IN THE LAW OFFICE OF:

VOL 923 PAGE 174

STTC $7.00    89-24402 P.

22653

FILED FOR RE...

AT

Sep 1  4 21 PM '89

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

STATE OF TEXAS
COUNTY OF CAMERON

I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me



Joe G. Rivera
County Clerk
Cameron County, Texas

RETURN TO:
Frank Tolley
P.O. Box 560182
Dallas, Texas 75356

2004 - WARRANTY DEED (Long Form)      **4005**      TEXAS PROFESSIONAL FORM

**1858   318**      OFFICIAL RECORDS

## *WARRANTY DEED*
### (LONG FORM)

THE STATE OF TEXAS

COUNTY OF  Cameron      } KNOW ALL MEN BY THESE PRESENTS:

That  I, Frank Tolley

of the County of   **Dallas**      and State of   **Texas**      for and in
consideration of the sum of       10 (Ten) and n0/100th ---- $10.00 _____ DOLLARS
and other valuable consideration to the undersigned paid by the grantee     herein named, the receipt of which
is hereby acknowledged,

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

Foxrun And Co., Nominee

of the County of   **Dallas**      and State of   **Texas**      , all of
the following described real property in       Cameron      County, Texas, to-wit:
The north half of Russell - Champion subdivision, South Padre Island,
Cameron County, Texas, according to the map or plat thereof recorded in
Volume 19, Page 62, Map Records of Cameron County, Texas and further
recorded in Volume 1298, at Page 142, document No. 24791, dated September 10,
1990, and being the same property conveyed by Abraham Galonsky and wife
Guillerminia Galonsky, Trustees to Frank Tolley; and further described in
the survey attached to and made a part of this instrument.

VOL. 1858 PAGE 319

ORIGINAL ILLEGIBLE

VOL 1858 PAGE 320

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said grantee        their        heirs and assigns forever; and     I    do hereby bind   myself   and my        heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee   ,   their  heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this _____7th_____ day of ___January___ , A.D. 19 92 .

_Frank Tolley_
Frank Tolley

Mailing address of grantee:

Name:
Address:        Foxrun and Co.
               Box 560182
               Dallas, Texas   75356

STATE OF TEXAS                        (Acknowledgment)
COUNTY OF DALLAS

This instrument was acknowledged before me on the _7th_ day of ___January___ , 19 92
by · Frank Tolley .

My commission expires:

_10-6-92_

Notary Public, State of Texas
Notary's printed name:

вел 1858 гм 321

(Acknowledgment)

STATE OF TEXAS
COUNTY OF  Dallas

This instrument was acknowledged before me on the _____ day of _____, 1992

by    Frank Tolley

My commission expires:

_____

Notary Public, State of Texas
Notary's printed name:

---

(Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the _____ day of _____ , 19 ___

by

My commission expires:

_____

Notary Public, State of Texas
Notary's printed name:

---

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the _____ day of _____ , 19 ___

by
of
a                                          corporation, on behalf of said corporation.

My commission expires:

_____

Notary Public, State of Texas
Notary's printed name:

---

4005

Warranty Deed
(Long Form)

TO

FILED FOR RECORD
AT _____

Feb 6  4 20 PM '92

CLER
CAMERON      T TEXAS
BY

WHEN RECORDED RETURN TO

The Odee Company, Dallas, TX 75238

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me

County Clerk
Cameron County, Texas

*Exh. O*

```
                        Print Key Output                              Page   1
        5769SS1 V4R4M0 990521              S10B1420          05/24/01  14:09:00


        Display Device . . . . . :  DSP19
        User . . . . . . . . . :  STATEMENTS

        MAST                 EZ-TAX Master Screen              Eff Date:  6/01/2001
        Account Number: 67/7220/0000/0200/00          Billing No: 114792
        Alternate No  : R039311                       TDC: GCC          SS
                 Record Status:    Record Access: R         SC
        Name FOXRUN AND CO                            StCd L&I A1A A1A    PType  R
        Add1 305 ELM ST                               Exmpt Code         Own
        Add2                                          Map # 10-10-05      Rt/Mail
        Add3                                          Mktg
        City ABBEVILLE              Cart              Tax Certificate Dt  1/31/2000
        St   AL Ctry          Zip 36310 -            Date Last Updated    9/07/2000
        Leg1 SO PADRE IS- RUSS-CHAMP                  Volume/Pag     0 /     0
        Leg2 N1/2 62.5' X100'                         Receipt No 875108 Teller ML2
        Leg3                                          Pd  1/10/2001 By PINKERTON, RO
        Leg4                                          CauseNo             Sup
        Leg5                                          Bnkrpt#             Lnk
        Ac       .000 MX .000000   UI .0000000        JtD           Agnt
                   Location Address                   OwnTyp    Alt P    CapOfc
        Str No   135    Dir E   Type  .               Fees:
        Str Nm BAHAMA               Box
        City    SOUTH PADRE ISLAND
                                                      Tot Unpaid Fees:
        User Codes: .                        Delq 0 PI:  N:   E:   A:  L:   /
          Delq Tax:          .00  Current Tax:       .00  Total Due:         .00
        3=Ex F5=Stmt F7=Cert F14=Submenu F18=EffDt F22/23=PgFee F24=Updt
```



```
                        Print Key Output                              Page   1
        5769SS1 V4R4M0 990521              S10B1420          05/24/01  14:09:28


        Display Device . . . . . :  DSP19
        User . . . . . . . . . :  STATEMENTS

        illNum: 114792                 EZ-TAX Parcel Screen     Eff Date: 5/24/2001
        cctNum: 6772200000020000     Year: 2000 Seq:     Type    Access R Pg  9 / 9
        sp Has    115991   Nhs            Tot    115991  ExmCode         AdjCode
        nd Has     83875   Nhs            Tot     83875  Alt             Area
        n Mkt              Use            Def             Spc
```

```
20010524  TC8006      POINT ISABEL ISD              - ACCOUNT STATUS        121229

ACCOUNT 6772200000020000           AMT DUE AS OF: 20010524 ROLL R  ALT OWN
UNITS:01 03 04                     OMIT(-)/SEL(+)
FOXRUN AND CO                      SO PADRE IS- RUSS-CHAMP
305 ELM ST                        N1/2 62.5'X100'


ABBEVILLE              AL 36310-0000
ACRES         .0000            PARCEL ADDRESS      135  BAHAMA
YEAR GROSS VAL HOVDFAER    RCVL LEVY    REM LEVY      FEES    PAYMENTS   TOTAL DUE
2000    199866      0      3548.36 01/02/2001    35.48-     3512.88         .00
1999    199866      0      3477.53 12/29/1999    69.56-     3407.97         .00
1998    170471      0      2951.21 12/01/1998    59.02-     2892.19         .00
1997    171469      0      2909.78 11/26/1997    24.54-     2885.24         .00
1996    171680      0      2928.19 02/26/1997   204.98      3133.17         .00
1995    171680             2960.71 10/31/1995    27.53-     2933.18         .00



              TOTAL           .00         .00       .00
    LAST PAYOR OWNER                            PAGE TOTAL              .00
                                          CUMULATIVE TOTAL             .00
ENTER NEXT ACCOUNT
```

```
*****************************************************************
* PRINT RUN        1                                            *  Card Number: 001-1
*  5/22/2001                                                    *
*  Acct: 67-7220-0000-0200-00        Alt:  R039311              *  Tdc: 605 / GCC  SST SS
*  Name:                             Legal:                     *              STS   SC1 S
*  FOXRUN AND CO                     SO ADRE IS-RUSS-CHAMP       *  Fyr/Ce1 0000/     0.00
*  305 ELM ST                        N1/2 62.5'X100'            *  Fyr/Ce1 0000/
*                                                               *  Exemptions:
*  ABBEVILLE, AL 36310-                                         *
*                                                               *  Recheck Code:
*                                     Acs        Property Type RR*  Id: JH        Date 01/27/
*                                     Remarks:                  *  User Codes R94
*  Property Location                                            *
*  Strt Nmbr  135      Strt Dir E                               *
*  Strt Name  BAHAMA      Suite/B                               *  O*****14**O*10**
*  Strt Type                          Image Ia:                 *  O**14**
*  Loc City   SOUTH PADRE ISLAND                                *
*                                                               *  O*****14**O*10**
*  ****S A L E S   H I S T O R Y*****                           *
*         Current Owner Sale Y*      Stcod    Zone   Ut1        *  O*****27****O
*  Sale Type          I/L/B          A1A A1A  B     MAI         *  O*****14****O   O*
*  Information Src    XFR y/n N                                 *  O*****24****O
*  DATE (mm/yr) 00/0000 Link          Nh       Map    Rd       *  18          C        040
*  Volume & Page                               10-10-05  P     *  *           18       6
*  Sales Amount              0        Yrbit 1963  Efag    11    *  *           *        *
*                                     Garg Typ  G  Lstmd        *
*         Previous Owner Sale         Roof Typ    Fnd  CS       *  A                    45
*  Sale Type          I/L/B           BsmtF       Ext   WB      *
*  Information Src    XFR y/n N        IntrF       Fir          *              50
*  DATE (mm/yr) 00/1900 Link           HeatA       0 Bth  0.00  *
*  Volume & Page    0/ 0 /             No. Br                   *
*  Sales Amount              0         Typl  8     PhOb s  0    *  O*****24****O
*  Pow1 GALONSKY, ABRAHAM & GUILLE     No. Fp                   *  9
*  Pow2 TOLLEY, FRANK                  PhyD    80  EcOb s  0    *  O*****24****O
*  Pow3 GALONSKY, ABRAHAM ET AL                   FnOb s  0    *  9
*  Agent Code         Instrument*     Improvement Remarks       *  O*****24****O
*  R-RESIDENCE   D E S C R I P T I O N*                         *  9
*  Bldg    FRAME 1 PLUS                                         *  O*****24****O
*          P E R M  L I S T                                     *  9
*                  MM/YR               L 1.000 P 1.000 W 1.000  *
*                  Val /               L               .0000    *
*  ***********V A L U E S**********    LA               .0000    *
*  Mrkt Cmp            Inc Calc                                 *
*  Mass Inc                                                     *
*  AOCR24U50L24D50A1CO9R24U9L24A2U50CR27U18L27D18A3R43CR24D64L14D11L14D8R4D4 **SKETCH**VECTORS**
*  R10U11L10H                                                              A3R43CR24D64L14
*                                                                          ***********
*  *****************I M P R O V E M E N T************************ ***************
*       SC/YEAR HM                    %ADJ ADJRAT  %ADJ ADJRATIO  N         %ADJ*%DU*
*  CODE       A1A YC     AREA  RATE           AREA ADJ STORY  AJAREA %CM %GD DPAD
*  M_RF6  R-RESIDENCE FRAME 6   12000  38.50%  38.50  1200   1.00  1200  100  92%  425
*  B_OP1  OPEN PORCH 1/3        2168  38.50%  38.70 12.70  1.00  216   100  92  0
*  C_GR3  GARAGE 2/3            4868  38.50%  25.41 25.41  1.00  486   100  92  113
*  D_MA2  MAIN AREA-2ND FLOOR  14588  38.50%  34.65 34.65  1.00 1458  100  92  464
*  E_OP1  OPEN PORCH 1/3        2168  38.50%  12.70 12.70  1.00  216   100  92  12
*  F_OP1  OPEN PORCH 1/3        1100  38.50%  12.70 12.70  1.00  110   100  92  0
*  O_CCD  CONCRETE DRIVE        1001          1.75  1.00  1001  100  100  421
*  O_CCD  CONCRETE DRIVE        2408          4.25  4.25  1.00  2408 100  100  0
*  O_FW6  WFB-WOOD FENCE 6'     2180          13.00 13.00  1.00  180  100  100  256
*  O_SP   SWIMMING POOL         199           13.00 13.00  1.00  199  100  100
*  *************************************************  Total Improvement Segment  SIA:0.700 Value 0%UI:
*  LAND CODE  AG CODE  TP SC H  TP SC H                V A L U A T I O N    VALUE 0%UI   VALUE 0%UI
*  67220B07          SF A1AY  FRONT   FRONT  DEPTH  NO.UNITS MKT RATE AG RATE  ADJ  MKI VALUE AG VALLE
*                             62.50           100.00  6250.0000  13.421   0.005  AG  836755 AG VALL
*  *****************************************************************
```

Overall Code/Factor:    0    Ag Use.

Limited Value    0
Un/Type:

Correlated Values: Impr.    0    197184 Land    83075 Total    2810
Un. Int. Value: Impr.    0 Land    0 Total

```
                    Print Key Output                        Page   1
   5769SS1 V4R4M0 990521            S10B1420          05/24/01  14:09:00

   Display Device  . . . . . :  DSP19
   User  . . . . . . . . . . :  STATEMENTS

TXMAST                  EZ-TAX Master Screen          Eff Date:  6/01/2001
   Account Number: 67/7220/0000/0200/00          Billing No: 114792
   Alternate No . : R039311                      TDC: GCC          SS
              Record Status:    Record Access: R       SC
   Name FOXRUN AND CO                       StCd L&I A1A A1A    PType  R
   Add1 305 ELM ST                          Exmpt Code         Own
   Add2                                     Map # 10-10-05     Rt/Mail
   Add3                                     Mrtg
   City ABBEVILLE          Cart             Tax Certificate Dt  1/31/2000
   St   AL Ctry          Zip 36310 -        Date Last Updated   9/07/2000
   Leg1 SO PADRE IS- RUSS-CHAMP             Volume/Pag      0 /      0
   Leg2 N1/2 62.5'X100'                     Receipt No 875108 Teller ML2
   Leg3                                     Pd 1/10/2001 By PINKERTON, RO
   Leg4                                     CauseNo              Sup
   Leg5                                     Bnkrpt#              Lnk
   Ac       .000 MX .000000  UI .0000000    JtD             Agnt
              Location Address              OwnTyp     Alt P    CmpOfc
   Str No    135    Dir E   Type            Fees:
   Str Nm BAHAMA             Box
   City   SOUTH PADRE ISLAND
                                            Tot Unpaid Fees:
   User Codes:                    Delq  0  PI:   N:   E:    A:   L:
     Delq Tax:          .00   Current Tax:      .00  Total Due:      .00
 F3=Ex F5=Stmt F7=Cert F14=Submenu F18=EffDt F22/23=PgFee F24=Updt
```

Attachment 1

```
20010524  TC8006     POINT ISABEL ISD              - ACCOUNT STATUS      121229

ACCOUNT 6772200000020000            AMT DUE AS OF: 20010524 ROLL R  ALT OWN
UNITS:01 03 04                      OMIT(-)/SEL(+)
FOXRUN AND CO                          SO PADRE IS- RUSS-CHAMP
305 ELM ST                             N1/2 62.5'X100'


ABBEVILLE              AL 36310-0000
ACRES          .0000              PARCEL ADDRESS     135  BAHAMA
YEAR GROSS VAL HOVDFAER  RCVL LEVY   REM LEVY      FEES   PAYMENTS   TOTAL DUE
2000  199866     0       3548.36 01/02/2001   35.48-   3512.88        .00
1999  199866     0       3477.53 12/29/1999   69.56-   3407.97        .00
1998  170471     0       2951.21 12/01/1998   59.02-   2892.19        .00
1997  171469     0       2909.78 11/26/1997   24.54-   2885.24        .00
1996  171680     0       2928.19 02/26/1997  204.98    3133.17        .00
1995  171680             2960.71 10/31/1995   27.53-   2933.18        .00


             TOTAL        .00        .00       .00
  LAST PAYOR OWNER                               PAGE TOTAL        .00
                                            CUMULATIVE TOTAL       .00
ENTER NEXT ACCOUNT
```

Attachment 2

```
20010524  TC8006     POINT ISABEL ISD          - ACCOUNT STATUS      121229

ACCOUNT 67722000000020000          AMT DUE AS OF: 20010524 ROLL R  ALT OWN
UNITS:01.03 04                     OMIT(-)/SEL(+)
FOXRUN AND CO                         SO PADRE IS- RUSS-CHAMP
305 ELM ST                            N1/2 62.5'X100'


ABBEVILLE             AL 36310-0000
ACRES          .0000              PARCEL ADDRESS     135  BAHAMA
YEAR GROSS VAL HOVDFAER   RCVL LEVY   REM LEVY     FEES   PAYMENTS  TOTAL DUE
2000   199866     0       3548.36 01/02/2001     35.48-   3512.88      .00
1999   199866     0       3477.53 12/29/1999     69.56-   3407.97      .00
1998   170471     0       2951.21 12/01/1998     59.02-   2892.19      .00
1997   171469     0       2909.78 11/26/1997     24.54-   2885.24      .00
1996   171680     0       2928.19 02/26/1997    204.98    3133.17      .00
1995   171680             2960.71 10/31/1995     27.53-   2933.18      .00



            TOTAL         .00         .00      .00
   LAST PAYOR OWNER                         PAGE TOTAL          .00
                                            CUMULATIVE TOTAL    .00

ENTER NEXT ACCOUNT
```

AO 440(REV 1/90) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### SOUTHERN    DISTRICT OF    TEXAS
### BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,
                                    Plaintiff,

V.                                              **SUMMONS IN A CIVIL ACTION**
                                                **CASE NUMBER:**
FRANK M. TOLLEY, also known as
FRANK DONZELLA, individually and                        B-02.0871
on behalf of FOXRUN & CO., his nominee,
                                    Defendant.

TO: (Name and Address of Defendant)

Frank M. Tolley, also known as
Frank Donzella, individually and
on behalf of Foxrun & Co., his nominee
3527 Oaklawn, Apt. 351
Dallas, Texas 75219

or

129 or 135 E. Bahama
South Padre Island, Texas 78520

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Attorney for United States: Ramona S. Notinger
U.S. Department of Justice/Tax Division
717 N. Harwood Street, Suite 400
Dallas, Texas 75201

an answer to the complaint which is herewith served upon you, within __20__ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

_____          _____
Michael N. Milby, Clerk                         5-6-02
CLERK                                           DATE

_____
BY DEPUTY CLERK