United States District Court
Southern District of Texas
FILED

AUG 3 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CIVIL ACTION NO. B-02-087 |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | |
| FRANK M. TOLLEY, ETC., | § | |
| DEFENDANT. | § | BENCH TRIAL |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

The parties submit this Joint Discovery/Case Management Plan, as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    ANSWER: Several telephone conversations were held between counsel for the parties. The last conversation took place on August 29, 2002. Counsel for the parties who participated are listed below.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

    ANSWER: None.

3. <u>Briefly</u> describe what this case is about.

    ANSWER: The United States seeks to reduce Frank Tolley's 1989, 1990, and 1991 income tax assessments of $572,985 to judgment, to foreclose federal tax liens on South Padre Island real property in which Mr. Tolley has an interest, to set aside the fraudulent transfer of this property, for a judicial foreclosure sale of the property, and to obtain a deficiency judgment against Mr. Tolley after the sale of the property. In addition, the United States seeks to foreclose Mr. Tolley's interest in Dallas County real property that was fraudulently transferred by Mr. Tolley to "Caddo & Co., nominee", and seeks a judicial foreclosure sale of this property to apply to Mr. Tolley's income tax debt.

4. Specify the allegation of federal jurisdiction.

    ANSWER: The United States filed suit under 26 U.S.C. §§ 7401 and 7403 (federal party/federal question).

5. Name the parties who disagree and the reasons.

    ANSWER: The parties agree this Court has jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    ANSWER: None.

7. List anticipated interventions.

    ANSWER: None.

8. Describe class-action issues.

    ANSWER: None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    ANSWER: Although the parties have exchanged information, they have not completed their initial disclosures. Each party plans to make the required Initial Disclosures, and exchange documents, on or before September 16, 2002.

10. Describe the proposed agreed discovery plan, including:
    A. Responses to all the matters raised in Rule 26(f).
        1) No changes needed.
        2) The parties believe discovery should be conducted in phases or groups of issues. The United States has propounded interrogatories, requests for admissions, and requests for production of documents to the Defendant, and plans to take the deposition of the Defendant on September 16, 2002. If the case does not settle at that time, then the United States will depose several witnesses in Dallas.
        3) No changes in limitations are needed or suggested at this time.
        4) Other Orders. See Section 22, below.

    B.    When and to whom the plaintiff anticipates it may send interrogatories.
The United States sent interrogatories to the Defendant on August 5, 2002, and the responses are due on September 4, 2002.

    C.    When and to whom the defendant anticipates it may send interrogatories.

To Plaintiff, before October 30, 2002.

    D.    Of whom and by when the plaintiff anticipates taking oral depositions. The United States will depose the Defendant on September 16, 2002, and additional witnesses in Dallas will probably be deposed in October 2002.

    E.    Of whom and by when the defendant anticipates taking oral depositions.

No one.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff does not foresee any need for expert witnesses in this case.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See rule 26(a)(2)B) (expert report).

Plaintiff does not anticipate a need for experts in this case.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See rule 26(a)(2)B) (expert report).

No experts needed.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

ANSWER:   The parties agreed.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

> ANSWER: The United States has provided information to the Defendant and propounded interrogatories, requests for admissions, and requests for production of documents. In addition, the United States has noticed the Defendant's deposition for September 16, 2002.

13. State the date the planned discovery can reasonably be completed.

    ANSWER: Late December 2002.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    ANSWER: The parties hope they can settle this case after initial discovery is conducted.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    ANSWER: The United States has given information to Defendant's counsel and suggested resolution through the entry of an agreed judgment and payment agreement. Defendant would agree to mediation.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    ANSWER: After additional documentation and information is exchanged, the parties believe they can settle this matter voluntarily on or before November 1, 2002.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    ANSWER: The parties might consent to trial before a Magistrate Judge.

18. State whether a jury demand has been made and if it was made on time.

    ANSWER: None.

4

19. Specify the number of hours it will take to present the evidence in this case.

    ANSWER: Should a trial be necessary, it should be tried in one day, since most issues should be stipulated to before trial.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    ANSWER: The United States has filed a motion to amend the Complaint, which is now unopposed. The United States has submitted an agreed order to amend the Complaint to the Court.

21. List other motions pending.

    ANSWER: None.

22. Indicate other maters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    ANSWER: None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    ANSWER: The United States certifies that it filed a Disclosure of Interested Parties on or about April 25, 2002. The Defendant will file his Disclosure of Interested Parties on or about September 16, 2002.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

ANSWER:

<u>Attorney In Charge For Defendant</u>
<u>Frank M. Tolley</u>
Richard S. Hoffman
So. District-Texas Bar No. 6147
Texas Bar No. 09787200
1718 Boca Chica Boulevard
Brownsville, Texas 78520
(956) 544-2345 telephone
(956) 982-1909 fax

<u>Attorney In Charge For United States</u>
Ramona S. Notinger
So. District-Texas Bar No. 204
Texas Bar No. 19158900
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, TX 75201
(214) 880-9766
(214) 880-9742 (fax)

Respectfully submitted,

By: _____
Richard S. Hoffman
So. Dist.-Tex. Bar No. 6147
Texas Bar No. 09787200
1718 Boca Chica Boulevard
Brownsville, Texas 78520
(956) 544-2345 telephone
(956) 982-1909 fax

By: _____
Ramona S. Notinger
So. Dist.-Tex. Bar No. 204
Texas Bar No. 19158900
U.S. Dept. of Justice, Tax Div.
717 N. Harwood, Suite 400
Dallas, TX 75201
(214) 880-9766
(214) 880-9742 (fax)

ATTORNEY IN CHARGE FOR FRANK M. TOLLEY

ATTORNEY IN CHARGE FOR UNITED STATES OF AMERICA

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed on August 29, 2002 to:

Richard S. Hoffman, Esq.
1718 Boca Chica Boulevard
Brownsville, Texas 78520

Ramona S. Notinger