IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL NO. B-02-087 |
| | * | |
| FRANK M. TOLLEY, also known as | * | |
| FRANK DONZELLA, individually and | * | |
| on behalf of FOXRUN & CO. and | * | |
| CADDO & CO., his nominees, | * | |
| | * | |
| Defendant. | * | |

## AMENDED COMPLAINT

For its amended complaint, authorized and requested by a duly authorized delegate of the

Secretary of the Treasury of the United States of America and directed on behalf of the United States

Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403, the United States alleges as follows:

## JURISDICTION AND VENUE

1.       This is a civil action brought by the United States to: (1) reduce to judgment federal income

(1040) tax assessments against defendant Frank M. Tolley; (2) foreclose the federal tax liens

on the real property located at 135 E. Bahama and/or 129 E. Bahama, South Padre Island,

Cameron County, Texas 78520; (3) set aside the fraudulent conveyance of such property; (4)

obtain a sale of such property; (5) set aside the fraudulent conveyance of the real property

located at 4472 Chaha Road, Unit 103, Building V, Garland, Dallas County, Texas and

obtain a sale of such property; and (6) obtain a judgment for any amount remaining unpaid

after the distribution and application of the proceeds when the subject properties are sold.

-1-

2.    This Court has jurisdiction pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and1396.

**PARTIES**

4.    Plaintiff is the United States of America.

5.    Defendant Frank M. Tolley, the taxpayer, also known as Frank Donzella, individually and on behalf of Foxrun & Co. and Caddo & Co., his nominees, may be served through his counsel of record, Richard Hoffman. Tolley is a party to this lawsuit because he failed to satisfy his federal income (1040) tax liabilities for tax years 1989, 1990, and 1991.

**COUNT I**
**REDUCE TAX LIABILITY TO JUDGMENT**

6.    On June 24, 1994, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Tolley for unpaid income (1040) taxes, penalties, statutory additions, and interest for the years 1989, 1990, and 1991, which have accrued, as of May 31, 2001, to the amount of $572,985. See IRS Forms 4340, Certificates of Assessments and Payments pertaining to these taxes, attached as **Government Exhibit 1**. On April 5, 1994, the United States Tax Court entered an agreed Decision[1] determining 1989, 1990, and 1991 income tax deficiencies against Tolley, a true copy of which is attached as **Government Exhibit 2**. The table below shows the form (type of tax), period of assessment, and unpaid balance for each of the tax years in question, as to which the United States seeks to reduce this tax liability owed by Tolley to judgment through this lawsuit:

---

[1]Because Tolley's federal income (1040) tax liability was previously determined by the United States Tax Court in the attached agreed Decision, that was signed by counsel for Mr. Tolley and the Commissioner of Internal Revenue, this liability is res judicata.

| FORM (INCOME) | PERIOD | ASSESSMENT DATE | UNPAID BALANCE AS OF 5-31-01 | LOCATION (WHERE TAX LIEN WAS FILED) |
|---|---|---|---|---|
| 1040 | 12/31/89 | 06/24/94 | $213,889 | Cameron County |
| 1040 | 12/31/90 | 06/24/94 | $340,463 | Cameron County |
| 1040 | 12/31/91 | 06/24/94 | $18,634 | Cameron County |

## COUNT II
## FORECLOSE FEDERAL TAX LIENS ON BAHAMA PROPERTY

7.    One of the parcels of real property that is the subject of this action is located at 135 E. Bahama or at 129 E. Bahama, South Padre Island, Cameron County, Texas 78520 (hereinafter "the Bahama property"). The Bahama property is also described as follows:

**The property in question consists of real property located at the north half of Russell-Champion Subdivision, South Padre Island, Cameron County, Texas. It is on the corner of Bahama and Gulf Boulevard, South Padre Island, Texas. The address has been described as both 135 E. Bahama and 129 E. Bahama. The actual number is somewhat unclear as the mail in South Padre Island is delivered to post office boxes and the use of numbers on houses is somewhat infrequent.**

8.    Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the plaintiff, United States of America, against all property and rights to property, whether real or personal, belonging to the taxpayer as of the date of the assessments described above, or acquired thereafter.

9.    The United States recorded a Notice of Federal Tax Lien against Foxrun & Co., as nominee of Frank M. Tolley, taxpayer, in the real property records of Cameron County in Brownsville, Texas on October 7, 1999, for the tax years 1989, 1990, and 1991, and an amended tax lien

on October 20, 2000 for the same tax years.[2] The United States seeks a judgment foreclosing this nominee lien and ordering the Bahama property sold to pay Tolley's federal taxes.

10.     The Bahama property was purchased by Tolley from Abraham and Guillerminia Galonsky with money down and a balance of $35,000.00 reflected on a note styled as a warranty deed with vendor's lien filed on September 14, 1989 in the Cameron County Clerk's office in Texas. A deed of trust was also filed on September 14, 1989 in the Cameron County Clerk's office in Texas.[3]

11.     The above lien was released via a Release of Lien signed September 5, 1990 and filed on September 11, 1990 in the Cameron County Clerk's office in Texas.

12.     A warranty deed transferring the Bahama property from Tolley to an entity styled "Foxrun & Co., Nominee" was signed January 7, 1992 and filed February 6, 1992.[4]

13.     Tolley was scheduled to meet with the Internal Revenue Service regarding his federal income tax examination on January 7, 1992. The exam took place in Dallas, where the taxpayer was living at the time. Tolley's certified public accountant, William Smothermon, told the IRS that the taxpayer would not be present at the meeting because he was out of town that day. Mr. Smothermon was Tolley's power of attorney and represented him during the IRS audit, and with respect to a fraudulent transfer of his Dallas County real property, described below.

---

[2] Copies of the Notices of Federal Tax Lien are attached as **Government Exhibit 3.**

[3] A copy of the deed of trust is attached as **Government Exhibit 4.**

[4] Copies of the warranty deeds are attached as **Government Exhibit 5.**

14.   Tolley signed the warranty deed for the Bahama property, transferring the property to his
      nominee, Foxrun & Co., on January 7, 1992, the day he was supposed to first meet with the
      Internal Revenue Service.

15.   The address of Box 560182, Dallas, Texas 75356, for Foxrun & Co. stated on the warranty
      deed was the same that Tolley was using for himself at the time of the tax examination. See
      **Government Exhibit 5**. Compare **Government Exhibit 4.**

16.   The address that has been given to the Cameron County Tax Assessors by Foxrun & Co. for
      the purpose of receiving tax statements is 305 Elm St., Abbeville, Alabama 36310 and the
      street location per the post office does not exist, nor is Foxrun & Co. known.[5]

17.   The records of the Point Isabel School District Tax Office show that the address for Foxrun
      & Co. is 305 Elm St., Abbeville, Alabama.

18.   The purported transfer of the Bahama property by Tolley to Foxrun & Co., his nominee, was
      intended to hinder, delay, or defraud the United States of taxes due. Pursuant to § 24.005 of
      the Texas Uniform Fraudulent Transfer Act ("UFTA"), Chapter 24 of the Texas Business
      and Commerce Code, the purported transfer was fraudulent and of no effect as to the United
      States. Foxrun & Co. is not a legitimate company or corporation, but is simply a name used
      by Tolley to conceal his property in an attempt to prevent the Government from seizing it to
      satisfy his federal tax debts.

19.   The purported transfer of the Bahama property by Tolley to Foxrun & Co., as his nominee,
      was made without receiving reasonably equivalent value in exchange for the transfer.

---

[5] Copies of the Cameron County Tax Assessors and Point Isabel School District records
are attached as **Government Exhibit 6.**

Additionally, Tolley intended to incur, or believed or reasonably should have believed that he would incur debts, including the federal tax liabilities he owes, beyond his ability to pay as they became due. Therefore, pursuant to section 24.005 of the UFTA, the purported transfer was fraudulent and of no effect as to the United States, and should be set aside by the Court.

**COUNT III**
**SET ASIDE FRAUDULENT TRANSFER OF DALLAS COUNTY PROPERTY**

20.    After the Government audited Tolley and made the federal income tax assessments against him that are referred to above, he stopped filing federal income tax returns and has failed to file his 1992-2001 federal income tax returns or pay any taxes for more than ten years, as shown by the Certification of Lack of Record attached hereto as **Government Exhibit 7.**

21.    On January 17, 1992, during the IRS audit of his 1989, 1990, and 1991 federal income (1040) tax returns, Tolley acquired the real property commonly known as 4472 Chaha Road, #103, Garland, Texas 75043 ("the Chaha property"), with the following legal description:

> **Unit 103, Building V, and an undivided 0.4417% interest in the common elements of Faulkner Point Condominium, a condominium regime in the City of Garland, Dallas County, Texas, according to the declaration and Master Deed recorded in Volume 80172, Page 3996, Condominium Records, Dallas County, Texas, refiled and re-recorded in Volume 80178, Page 2354, Condominium Records, Dallas County, Texas, and supplemental declarations recorded in Volume 80241, Page 673, Deed Records, Dallas County, Texas, and Volume 81073, Page 1301, Deed Records, Dallas County, Texas and supplemental declarations recorded in Volume 81149, Page 2074, Deed Records, Dallas County, Texas, and supplemental declarations recorded in Volume 81210, Page 2406, Deed Records, Dallas County, Texas, and otherwise known as 4472 Faulkner Point Drive, #103, Garland, Texas 75043.**

22.    The grantor of the Chaha property was Dallas North Development Corporation, and the grantee of this property was Frank Tolley, by special warranty deed (long form) (attached as

-6-

**Government Exhibit 8)** filed January 17, 1992, at Volume 92012, Page 0469, in the Dallas County Clerk's Office, Dallas County, Texas. The subsequent grantor of this property was Frank Tolley, and the grantee of this property was Caddo & Co., Nominee of Frank Tolley, by warranty deed (attached **Government Exhibit 9)** filed May 15, 1992, at Volume 92096, Page 0702, in the Dallas County Clerk's Office, Dallas County, Texas. Caddo & Co. is not a legitimate company or corporation, but is simply a name used by Tolley to conceal his property in an attempt to prevent the Government from seizing it to satisfy his tax debts.

23.    The purported transfer of the Chaha property by Tolley to Caddo & Co., nominee, was intended to hinder, delay, or defraud the United States of taxes due. Pursuant to § 24.005 of the Texas Uniform Fraudulent Transfer Act ("UFTA"), Chapter 24 of the Texas Business and Commerce Code, the purported transfer was fraudulent and of no effect as to the United States.

24.    The purported transfer of the Chaha property by Tolley to Caddo & Co., as his nominee, was made without receiving reasonably equivalent value in exchange for the transfer. Additionally, Tolley intended to incur, or believed or reasonably should have believed that he would incur debts, including the federal tax liabilities he owes, beyond his ability to pay as they became due. Therefore, pursuant to section 24.005 of the UFTA, the purported transfer was fraudulent and of no effect as to the United States, and should be set aside by the Court.

25.    On the same day Tolley transferred the Chaha property to Caddo & Co., his nominee, he executed a Trust Agreement, as trustor, with William C. Smothermon, as trustee. A copy of this agreement is attached as **Government Exhibit 10.** The beneficiaries of this trust are

-7-

Jack Cowart Pate, then Tolley's attorney, and Mr. Pate's children. Both Mr. Smothermon and Mr. Pate participated in the acquisition and transfer of the Chaha property by Tolley. One of the Chaha deeds includes Mr. Smothermon's name in the recording information, and the other deed includes the name of Mr. Pate's law firm and legal assistant. See **Government Exhibits 9 and 10.** When questioned by the Government about the Chaha property in 1998 and in 2002, Mr. Pate gave different stories, and in 2002, he indicated to the Government that he was unaware Tolley had ever owned an interest in the Chaha property, contrary to the information contained within the attached deeds.

WHEREFORE, the United States respectfully requests that this court order, adjudge, and decree:

1.    That the taxpayer Frank M. Tolley (a.k.a. Frank Donzella) is indebted to the United States for his 1989, 1990, and 1991 federal income (1040) taxes in the amount of **$572,985** as of May 31, 2001, plus penalties, statutory additions and interest accrued, as provided by law, from that date until paid, and reduce this tax liability to judgment;

2.    That the transfer of the Bahama property from Tolley to Foxrun & Co. was a fraudulent conveyance and of no effect as to the lien claims of the United States, and that the transfer be set aside as fraudulent;

3.    That the federal tax liens of the United States be foreclosed upon the Bahama property, that the property be ordered sold by the United States Marshal at a judicial sale, that the proceeds thereof be first applied to the costs of the sale, and that the sale proceeds be applied in satisfaction of the tax liens of the United States and in partial payment of the federal income tax debts of Tolley;

4.      That the transfer of the Chaha property from Tolley to Caddo & Co. was a fraudulent conveyance and of no effect as to the claims of the United States, and that the transfer be set aside as fraudulent;

5.      That the Chaha property be ordered sold by the United States Marshal at a judicial sale, that the proceeds thereof be first applied to the costs of the sale, and that the sale proceeds be applied in partial payment of the federal income tax debts of Tolley;

6.      That if the amounts distributed to the United States pursuant to the sale of the real properties described herein are insufficient to satisfy fully Tolley's tax liabilities, the United States have judgment for the deficiency against Tolley;

7.      That the United States be awarded a surcharge of ten percent of the amount of the tax debt under 28 U.S.C. § 3011, to cover the cost of the litigation and enforcement of the claim for the debt; and

8.      That the United States be awarded other such relief as is just and proper.

> MICHAEL T. SHELBY
> United States Attorney
>
> *Ramona S. Notinger*
>
> RAMONA S. NOTINGER
> Texas Bar No. 19158900
> So. District-Texas Federal Bar No. 204
> U.S. Department of Justice, Tax Division
> 717 N. Harwood, Suite 400
> Dallas, Texas  75201
> (214) 880-9766 fax: (214) 880-9742
>
> ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed on the 11 day of December, 2002, to:

Richard S. Hoffman, Esq.
1718 Boca Chica Blvd.
Brownsville, Texas 78520

Ramona S. Notinger

-10-



**United States**  of America

**Department of the Treasury**

**Internal Revenue Service**

Date:    AUG 1 6 2002

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification consisting of 5 pages

GOVERNMENT EXHIBIT

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Charlotte Klein for*

Reginald B. McFadden, Field Director, Submission Processing (Austin)

CERTIFICATE OF ASS~ ENTS, PAYMENTS, AND OTHER  ECIFIED MATTERS
-------------------------------------------------------------------

RANK M TOLLEY                        EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040        TAX PERIOD: DEC  1989

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|-----|----------------------------|-------------------------------------|----------------------------|---------------------------------|
| | ADJUSTED GROSS INCOME 259,890.00 | | | |
| | TAXABLE INCOME 254,301.00 | | | |
| | SELF EMPLOYMENT TAX 6,250.00 | | | |
| 4-15-1990 | RETURN FILED & TAX ASSESSED 18222-116-49443-0  199027 | 14,027.00 | | 07-16-1990 |
| 4-19-1989 | ESTIMATED TAX DECLARATION | | 4,500.00 | |
| 6-17-1989 | ESTIMATED TAX DECLARATION | | 5,000.00 | |
| 2-16-1989 | ESTIMATED TAX DECLARATION | | 1,500.00 | |
| 4-18-1990 | PAYMENT WITH RETURN | | 3,071.00 | |
| 4-15-1990 | EXTENSION OF TIME TO FILE EXT. DATE  08-15-1990 | | | |
| | ESTIMATED TAX PENALTY 199027 | 44.00 | | 07-16-1990 |
| 3-02-1992 | RECEIVED POA/TIA | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION EXAM/COLLECTIONS 90 DAY LETTER UNAGREED, CLOSED TO APPEALS 18247-583-10049-3  199328 | 0.00 | | 07-26-1993 |
| 7-14-1993 | LEGAL SUIT PENDING | | | |
| 5-13-1994 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 09-02-1994 | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION OTHER CLOSINGS AFTER EXAMINATION 18247-578-70021-4  199427 | 0.00 | | 07-18-1994 |

ORM 4340  (REV. 01-2002)                 PAGE    1

CERTIFICATE OF ASSE... IENTS, PAYMENTS, AND OTHER  ECIFIED MATTERS
----------------------------------------------------------------------

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040       TAX PERIOD: DEC  1989

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 7-18-1994 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 07-18-1994 | | | |
| 7-18-1994 | RENUMBERED RETURN 18247-578-70021-4 | | | |
| 6-24-1994 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| | QUICK ASSESSMENT IRC 6662(e) ACCURACY PENALTY 75251-174-13000-4 | | 12,797.00 | 06-23-1994 |
| | QUICK ASSESSMENT 75251-174-13000-4 | | 63,987.00 | 06-23-1994 |
| | INTEREST ASSESSED 199430 | | 32,034.95 | 06-23-1994 |
| 2-10-1995 | REMOVED POA/TIA | | | |
| 6-09-1995 | FEDERAL TAX LIEN | | | |
| 7-03-1995 | FEES AND COLLECTION COSTS | | 28.00 | |
| 8-29-1997 | FEDERAL TAX LIEN | | | |

ORM 4340  (REV. 01-2002)              PAGE    2

CERTIFICATE OF ASSE␣␣␣NTS, PAYMENTS, AND OTHER ␣CIFIED MATTERS
-------------------------------------------------------------------------------

␣ANK M TOLLEY                            EIN/SSN: 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


␣PE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
␣RM: 1040        TAX PERIOD: DEC  1989

| ␣TE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| ␣-22-1997 | FEES AND COLLECTION COSTS | | 28.00 | |
| ␣-22-1997 | FEES AND COLLECTION COSTS | | 64.00 | |
| ␣-22-1997 | FEES AND COLLECTION COSTS ABATED | | 64.00- | |
| ␣-22-1997 | FEES AND COLLECTION COSTS | | 36.00 | |
| | ADDITIONAL TAX ASSESSED 18254-675-15636-7  199741 | | 0.00 | 10-20-1997 |
| ␣-19-1998 | SUBSEQUENT PAYMENT MISCELLANEOUS PAYMENT | | | 55.50 |
| ␣-08-1999 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| ␣-08-1999 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| ␣-08-1999 | FEDERAL TAX LIEN | | | |
| ␣-22-1999 | FEES AND COLLECTION COSTS | | 32.00 | |

␣RM 4340  (REV. 01-2002)              PAGE    3

CERTIFICATE OF ASSE    ENTS, PAYMENTS, AND OTHER    cCIFIED MATTERS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
JRM: 1040        TAX PERIOD: DEC  1989

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|-----|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| J-27-2000 | FEDERAL TAX LIEN | | | |
| 1-20-2000 | FEES AND COLLECTION COSTS | | 32.00 | |
| 8-08-2001 | LEGAL SUIT PENDING | | | |
| 6-23-1994 | Statutory Notice of Balance Due | | | |
| 8-08-1994 | Statutory Notice of Balance Due | | | |
| 9-12-1994 | Notice of Balance Due | | | |
| 0-17-1994 | Notice of Balance Due | | | |
| 1-21-1994 | Notice of Balance Due | | | |
| 2-26-1994 | Statutory Notice of Intent to Levy | | | |

JRM 4340  (REV. 01-2002)                    PAGE    4

CERTIFICATE OF ASSE~ ,ENTS, PAYMENTS, AND OTHER ~.ECIFIED MATTERS

------------------------------------------------------------------------

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040     TAX PERIOD: DEC  1989
------------------------------------------------------------------------

ALANCE       108,919.45

------------------------------------------------------------------------
 CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
O THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
ND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
AYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
ECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
URTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
PPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------
IGNATURE OF CERTIFYING OFFICER: Paula Bedford
RINT NAME: PAuLA Bedford
ITLE: Account Services DepARtment Mgr.
ELEGATION ORDER: AUSPC-2 (Rev. 1)

OCATION: INTERNAL REVENUE SERVICE

          ACCOUNT STATUS DATE 08/13/2002

ORM 4340  (REV. 01-2002)                 PAGE    5



**United States** of America

**Department of the Treasury**
**Internal Revenue Service**

Date: AUG 1 6 2002

### CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification consisting of 5 pages.

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Charlotte Klein for*

Reginald B. McFadden, Field Director, Submission Processing (Austin)

Catalog Number 19002F

Form **2866** (Rev. 09-97)

CERTIFICATE OF ASSE~ ENTS, PAYMENTS, AND OTHER  ECIFIED MATTERS
--------------------------------------------------------------------

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040      TAX PERIOD: DEC  1990

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADJUSTED GROSS INCOME 489,348.00 | | | |
| | TAXABLE INCOME 420,177.00 | | | |
| | SELF EMPLOYMENT TAX 7,849.00 | | | |
| 4-15-1991 | RETURN FILED & TAX ASSESSED 18222-092-21036-1  199121 | | 13,951.00 | 06-03-1991 |
| 4-02-1991 | PAYMENT WITH RETURN | | 14,869.00 | |
| | ESTIMATED TAX PENALTY 199121 | | 918.00 | 06-03-1991 |
| 3-02-1992 | RECEIVED POA/TIA | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION EXAM/COLLECTIONS 90 DAY LETTER UNAGREED, CLOSED TO APPEALS 18247-583-10050-3  199328 | | 0.00 | 07-26-1993 |
| 7-14-1993 | LEGAL SUIT PENDING | | | |
| 5-13-1994 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 09-02-1994 | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION OTHER CLOSINGS AFTER EXAMINATION 18247-578-79032-4  199427 | | 0.00 | 07-18-1994 |
| 7-18-1994 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 07-18-1994 | | | |
| 7-18-1994 | RENUMBERED RETURN 18247-578-79032-4 | | | |

ORM 4340  (REV. 01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040        TAX PERIOD: DEC  1990


| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 6-24-1994 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| | QUICK ASSESSMENT IRC 6662(e) ACCURACY PENALTY 75251-174-13001-4 | 22,424.00 | | 06-23-1994 |
| | QUICK ASSESSMENT 75251-174-13001-4 | 112,122.00 | | 06-23-1994 |
| | INTEREST ASSESSED 199430 | 37,378.72 | | 06-23-1994 |
| 2-10-1995 | REMOVED POA/TIA | | | |
| 6-09-1995 | FEDERAL TAX LIEN | | | |
| 8-29-1997 | FEDERAL TAX LIEN | | | |
| 2-08-1999 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 2-17-1999 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |

ORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSE~ ĘNTS, PAYMENTS, AND OTHER ~ ⌐CIFIED MATTERS
-------------------------------------------------------------------------------

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040       TAX PERIOD: DEC  1990

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 0-08-1999 | FEDERAL TAX LIEN | | | |
| 0-27-2000 | FEDERAL TAX LIEN | | | |
| 1-27-2000 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| 3-05-2001 | MODULE REVERSED OUT OF FEDERAL PAYMENT LEVY PROGRAM | | | |
| 6-29-2001 | FEDERAL TAX LIEN | | | |
| 7-23-2001 | FEES AND COLLECTION COSTS | | 128.00 | |
| 8-08-2001 | LEGAL SUIT PENDING | | | |
| 6-23-1994 | Statutory Notice of Balance Due | | | |
| 8-08-1994 | Statutory Notice of Balance Due | | | |
| 9-12-1994 | Notice of Balance Due | | | |
| 0-17-1994 | Notice of Balance Due | | | |
| 1-21-1994 | Notice of Balance Due | | | |

ORM 4340  (REV. 01-2002)                 PAGE    3

CERTIFICATE OF ASSE__MENTS, PAYMENTS, AND OTHER _ECIFIED MATTERS
----------------------------------------------------------------------------

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040        TAX PERIOD: DEC  1990

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|-----|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 2-26-1994 | Statutory Notice of Intent to Levy | | | |

ORM 4340  (REV. 01-2002)              PAGE    4

CERTIFICATE OF ASSE... ENTS, PAYMENTS, AND OTHER    ECIFIED MATTERS
----------------------------------------------------------------------------

RANK M TOLLEY                         EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040       TAX PERIOD: DEC  1990
----------------------------------------------------------------------------

ALANCE        172,052.72
----------------------------------------------------------------------------
 CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
O THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
ND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
AYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
ECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
URTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
PPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

----------------------------------------------------------------------------
IGNATURE OF CERTIFYING OFFICER: Paula Bedford
RINT NAME: Paula Bedford
ITLE: Account Services Department Mgr.
ELEGATION ORDER: AuSPC-2 (Rev.1)

OCATION: INTERNAL REVENUE SERVICE

         ACCOUNT STATUS DATE 08/13/2002

ORM 4340  (REV. 01-2002)              PAGE    5



**United States**    of America

**Department of the Treasury**
**Internal Revenue Service**

Date: AUG 1 6 2002

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification consisting of 5 pages.

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Charlotte Klein for*

Reginald B. McFadden, Field Director, Submission Processing (Austin)

Catalog Number 19002E

U.S. GPO: 1997 417-699/61711

Form **2866** (Rev. 09-97)

CERTIFICATE OF ASSE.  ENTS, PAYMENTS, AND OTHER   ¿CIFIED MATTERS

--------------------------------------------------------------------

RANK M TOLLEY                         EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040       TAX PERIOD: DEC  1991

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADJUSTED GROSS INCOME 38,604.00 | | | |
| | SELF EMPLOYMENT TAX 6,283.00 | | | |
| 1-25-1992 | RETURN FILED & TAX ASSESSED 18221-326-11742-2 | | 0.00 | 12-28-1992 |
| 3-02-1992 | RECEIVED POA/TIA | | | |
| 4-15-1992 | EXTENSION OF TIME TO FILE EXT. DATE  08-15-1992 | | | |
| 8-17-1992 | EXTENSION OF TIME TO FILE EXT. DATE  10-15-1992 | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION EXAM/COLLECTIONS 90 DAY LETTER UNAGREED, CLOSED TO APPEALS 18247-583-10051-3   199328 | | 0.00 | 07-26-1993 |
| 7-14-1993 | LEGAL SUIT PENDING | | | |
| 5-13-1994 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 09-02-1994 | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION OTHER CLOSINGS AFTER EXAMINATION 18247-578-70022-4   199427 | | 0.00 | 07-18-1994 |
| )7-18-1994 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 07-18-1994 | | | |
| )7-18-1994 | RENUMBERED RETURN 18247-578-70022-4 | | | |

ORM 4340  (REV. 01-2002)                    PAGE    1

CERTIFICATE OF ASSE_ _ENTS, PAYMENTS, AND OTHER _ECIFIED MATTERS

RANK M TOLLEY                              EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040       TAX PERIOD: DEC  1991

| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 6-24-1994 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| | QUICK ASSESSMENT IRC 6662(e) ACCURACY PENALTY 75251-174-13002-4 | | 1,257.00 | 06-23-1994 |
| | QUICK ASSESSMENT 75251-174-13002-4 | | 6,283.00 | 06-23-1994 |
| | LATE FILING PENALTY 199430 | | 628.00 | 06-23-1994 |
| | INTEREST ASSESSED 199430 | | 1,220.65 | 06-23-1994 |
| 2-10-1995 | REMOVED POA/TIA | | | |
| 6-09-1995 | FEDERAL TAX LIEN | | | |
| 8-29-1997 | FEDERAL TAX LIEN | | | |
| 2-08-1999 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |

ORM 4340  (REV. 01-2002)            PAGE    2

CERTIFICATE OF ASSES ENTS, PAYMENTS, AND OTHER  ECIFIED MATTERS
------------------------------------------------------------------------

RANK M TOLLEY                        EIN/SSN: 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


PE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
RM: 1040       TAX PERIOD: DEC  1991


| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
------------------------------------------------------------------------
| 2-17-1999 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 0-08-1999 | FEDERAL TAX LIEN | | | |
| 0-27-2000 | FEDERAL TAX LIEN | | | |
| 1-27-2000 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| 3-08-2001 | LEGAL SUIT PENDING | | | |
| 8-27-2001 | MODULE REVERSED OUT OF FEDERAL PAYMENT LEVY PROGRAM | | | |
| 5-23-1994 | Statutory Notice of Balance Due | | | |
| 3-08-1994 | Statutory Notice of Balance Due | | | |
| 9-12-1994 | Notice of Balance Due | | | |
| 0-17-1994 | Notice of Balance Due | | | |
| 1-21-1994 | Notice of Balance Due | | | |

ORM 4340  (REV. 01-2002)                    PAGE    3

CERTIFICATE OF ASSE\_ .ENTS, PAYMENTS, AND OTHER   ECIFIED MATTERS
----------------------------------------------------------------------

RANK M TOLLEY                              EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040        TAX PERIOD: DEC  1991


| ATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|-----|---------------------------|-------------------------------------|----------------------------|--------------------------------|
| 2-26-1994 | Statutory Notice of Intent to Levy | | | |

ORM 4340  (REV. 01-2002)                    PAGE     4

CERTIFICATE OF ASSES_..ENTS, PAYMENTS, AND OTHER _. ECIFIED MATTERS
----------------------------------------------------------------------

RANK M TOLLEY                          EIN/SSN: 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


YPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
ORM: 1040      TAX PERIOD: DEC  1991
----------------------------------------------------------------------

ALANCE        9,388.65
----------------------------------------------------------------------
  CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
O THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
ND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
AYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
ECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
URTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
PPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.
----------------------------------------------------------------------
IGNATURE OF CERTIFYING OFFICER: _Paula Bedford_
RINT NAME: _Paula Bedford_
ITLE: _Account Services Department Mgr._
ELEGATION ORDER: _AuSPC-2 (Rev.1)_

OCATION: INTERNAL REVENUE SERVICE

        ACCOUNT STATUS DATE 08/13/2002

ORM 4340  (REV. 01-2002)                 PAGE     5



# UNITED STATES TAX COURT

FRANK M. TOLLEY,                    )
                                    )
                  Petitioner,       )
                                    )
        v.                          )    Docket No. 12717-93
                                    )
COMMISSIONER OF INTERNAL REVENUE,   )
                                    )
                  Respondent.       )

## DECISION

Pursuant to the agreement of the parties in the above-entitled case, it is

ORDERED AND DECIDED: That there are deficiencies in income tax due from the petitioner for the taxable years 1989, 1990 and 1991 in the amounts of $63,987.00, $112,122.00 and $6,283.00, respectively;

That there is an addition to tax due from the petitioner for the taxable year 1991, under the provisions of I.R.C. § 6651(a), in the amount of $628.00;

That there are additions to tax due from the petitioner for the taxable years 1989, 1990 and 1991, under the provisions of I.R.C. § 6662, in the amounts of $12,797.00, $22,424.00 and $1,257.00, respectively; and

That there are no additions to tax due from the petitioner for the taxable years 1989, 1990 and 1991, under the provisions of I.R.C. § 6663.

(Signed) L. W. Hamblen, Jr.

Judge.

Entered:    APR    5 1994

*        *        *        *        *



Docket No. 12717-93

It is hereby stipulated that the Court may enter the foregoing decision in the above-entitled case.

It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies and additions to tax (plus statutory interest) until the decision of the Tax Court becomes final.

                                        DAVID L. JORDAN
                                        Acting, Chief Counsel
                                        Internal Revenue Service


JOHN D. COPELAND                By:     HELEN T. REPSIS
Counsel for Petitioner                  Assistant District Counsel
Tax Court No. CJ1246                    Tax Court No. RH0051
325 N. St. Paul  Suite 2300             4050 Alpha Road
Dallas, Texas 75201                     13th Floor NWSAT 2000
Telephone: (214) 742-8422               Dallas, Texas  75244-4203
                                        Telephone: (214) 308-7900


Date:    2/25/94               Date:    3/25/94

-2-



Form 668 (Y) (c)
(Rev. August 1997)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| South Texas | 749959001 | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

43292

**Name of Taxpayer** Fox Run & Co., as a Nominee of
Frank M. Tolley

**Residence** 943 N. Expressway #15-81
Brownsville, Texas 78521

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12-31-1989 | 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 | 07-16-1990 | 08-15-2000 | |
| 1040 | 12-31-1989 | 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 | 06-23-1994 | 07-23-2004 | 108919.45 |
| 1040 | 12-31-1990 | 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 | 06-03-1991 | 07-03-2001 | |
| 1040 | 12-31-1990 | 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 | 06-23-1994 | 07-23-2004 | 171924.72 |
| 1040 | 12-31-1991 | 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 | 12-28-1992 | 01-27-2003 | |
| 1040 | 12-31-1991 | 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 | 06-23-1994 | 07-23-2004 | 9383.65 |

This Notice of Federal Tax Lien is intended to reach the below described real property, being the North 1/2 of Russell-Champion Subdivision, South Padre Island, Cameron County, Texas, according to the Map or Plat thereof recorded in Volume 19, Page 62, Map Records of Cameron County, Texas.

| Place of Filing | Real Property Cameron County Brownsville, Texas 78520 | Total | $ 290232.82 |
|---|---|---|---|

This notice was prepared and signed at _____ Harlingen, Texas _____ , on this,

the ___9th___ day of _____ , ____ .

| Signature | Title |
|---|---|
| Devra Robinson Revenue Officer | Revenue Officer |

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 2 - INTERNAL REVENUE SERVICE TDA COPY

Form 668 (Y) (c) (Rev. 8-97)
CAT. NO 60025X

FILED FOR RECORD
AT _____

Oct 7  11 35 AM '99

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

43292

11/74

Exh. N

**Form 668 (Y)(c)**
(Rev. October 2000)

rtment of the Treasury - Internal R    Service

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #10<br>Lien Unit Phone: (512) 499-5231 | Serial Number<br>740072409 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

AMENDED TAX LIEN PLEASE ATTACH TO EXISTING LIEN AT FILE NO. 43292

**47861**

| Name of Taxpayer | FOXRUN & CO., AS NOMINEE OF FRANK M. TOLLEY<br>Nominee of |
|---|---|

| Residence | 943 N. EXPRESSWAY #15-81<br>BROWNSVILLE, TX 78521 |
|---|---|

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1989 | 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 | 07/16/1990 | N/A | |
| 1040 | 12/31/1989 | 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 | 06/23/1994 | 07/23/2004 | 108919.45 |
| 1040 | 12/31/1990 | 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 | 06/03/1991 | 07/03/2001 | |
| 1040 | 12/31/1990 | 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 | 06/23/1994 | 07/23/2004 | 171924.72 |
| 1040 | 12/31/1991 | 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 | 12/28/1992 | 01/27/2003 | |
| 1040 | 12/31/1991 | 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 | 06/23/1994 | 07/23/2004 | 9388.65 |

This Notice of Federal Tax Lien is intended to reach the below described real property: Being the North ½ of RUSSELL-CHAMPION SUBDIVISION, SOUTH PADRE ISLAND, Cameron County, Texas, according to the Map or Plat thereof recorded in Volume 19, Page 62, Map Records of Cameron County, Texas.

THIS CERTIFICATE OF FEDERAL TAX LIEN HAS BEEN EXECUTED AND WILL BE FILED FOR THE SOLE PURPOSE OF CORRECTING THE "NAME OF TAXPAYER" ON THE NOTICE OF FEDERAL TAX LIEN NO. 749959001, FILED OCTOBER 7, 1999, WITH THE CAMERON COUNTY CLERK, COUNTY COURTHOUSE, BROWNSVILLE, TEXAS IN THE REAL PROPERTY RECORDS.

| Place of Filing | Real Property<br>Cameron County<br>Brownsville, TX 78522 | Total $ | 290232.82 |
|---|---|---|---|

This notice was prepared and signed at ___Austin, TX___ , on this,

the ___20th___ day of ___October___ , ___2000___

| Signature<br>*Rick Ryser*<br>for DAVID ROBINSON | Title<br>Revenue Officer<br>(956) 427-8585 | 74-01-3714 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 2 - Internal Revenue Service TDA Copy

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

FILED FOR RECORD

AT_____

2000 OCT 26  P 2: 21

JOE G. RIVERA
CLERK COUNTY CLERK
CAMERON COUNTY, TEXAS
BY_____ DEPUTY

47861

*Exh H*

**22654**

2402
Prepared by the State Bar of Texas for use by lawyers only.
Revised 10/85; 12/87.
© 1987 by the State Bar of Texas

# DEED OF TRUST

OFFICIAL RECORDS

VOL **923** PAGE **175**

Date:          August 28, 1989

Grantor:      FRANK TOLLEY

Grantor's Mailing Address (including county):      P. O. Box 560182, Dallas, Dallas
County, Texas  75356

Trustee:      PAUL HEMPHILL

Trustee's Mailing Address (including county):      815 Ridgewood, Brownsville,
Cameron County, Texas  78520

Beneficiary:   ABRAHAM GALONSKY, Trustee and GUILLERMINIA GALONSKY, Trustee

Beneficiary's Mailing Address (including county):      1304 E. Adams St., Brownsville,
Cameron County, Texas  78520

Note(s)
Date:          August 28, 1989

Amount:      THIRTY FIVE THOUSAND AND NO/100 ($35,000.00) DOLLARS

Maker:       FRANK TOLLEY

Payee:       ABRAHAM GALONSKY, Trustee and GUILLERMINIA GALONSKY, Trustee

Final Maturity Date:      October 10, 1990

Terms of Payment (optional):   As therein provided for in said Note.

Property (including any improvements):

Being the North 1/2 of Russell-Champion Subdivision, South Padre
Island, Cameron County, Texas, according to map or plat thereof
recorded in Volume 19, Page 62, Map Records of Cameron County,
Texas;

Prior Lien(s) (including recording information):      NONE



VOL 923 PAGE 176

Other Exceptions to Conveyance and Warranty:

Easements, restrictions, mineral reservations and other conditions of record, if any, affecting said property.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**
Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary's Rights**
1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
   c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**
If requested by Beneficiary to foreclose this lien, Trustee shall:
1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
   b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
   c. any amounts required by law to be paid before payment to Grantor; and
   d. to Grantor, any balance.

VOL 923 PAGE 177

**General Provisions**

1.  If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.  Recitals in any Trustee's deed conveying the property will be presumed to be true.

3.  Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.  This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.  If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6.  Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7.  Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8.  Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9.  When the context requires, singular nouns and pronouns include the plural.

10.  The term *note* includes all sums secured by this deed of trust.

11.  This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12.  If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.

13.  Grantor represents that this deed of trust and the note are given for the following purposes:

The debt evidenced by the note is in part payment of the purchase price of the property; the debt is secured both by this deed of trust and by a vendor's lien on the property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this instrument shall be cumulative. Beneficiary may elect to foreclose under either of the liens without waiving the other or may foreclose under both. The deed is incorporated into this deed of trust.

*Frank Tolley*

FRANK TOLLEY

VOL 923 PAGE 178

(Acknowledgment)

STATE OF TEXAS
COUNTY OF DALLAS

This instrument was acknowledged before me on the     **31st**    day of    **August**     , 19 89
by   Frank Tolley

LYNDA FRY CREEKMORE
Notary Public
STATE OF TEXAS
My Comm. Exp. June 17, 1991

Notary Public, State of Texas
Notary's name (printed):   Lynda Fry Creekmore

Notary's commission expires:    6/17/91

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the           day of
by
of
corporation, on behalf of said corporation.

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me.

Notary Public, State of Texas
Notary's name (printed):
Notary's commission expires:    County Clerk
                       Cameron County, Texas

AFTER RECORDING RETURN TO:

Abraham Galonsky, Trustee and
Guillermina Galonsky, Trustee
1304 E. Adams St.
Brownsville, Texas  78520

PREPARED IN THE LAW OFFICE OF:

Jeffrey E. Church
P. O. Box 2728
South Padre Island, Texas  78597

FILED FOR RECORD
AT

SEP 14 22 PM '89

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

22654



*Exh G*

2253
**22653**    VOL **923** PAGE **171**

Prepared by the State Bar of Texas for use by lawyers only.
Revised 10-85.
© 1985 by the State Bar of Texas

# WARRANTY DEED WITH VENDOR'S LIEN

### OFFICIAL RECORDS

Date:  August 23, 1989

Grantor:  Abraham Galonsky, Trustee and Guillermina Galonsky, Trustee

Grantor's Mailing Address (including county):

Grantee:  Frank Tolley

Grantee's Mailing Address (including county):  P. O. Box 560182, Dallas
Dallas County, Texas  75356

Consideration:  Ten and No/100 Dollars and a note of even date that is in the principal
amount of Thirty Five Thousand Dollars ($35,000.00) and is executed by
Grantees, payable to the order of Grantor, it is secured by a Vendor's
Lien retained in this Deed and by a Deed of Trust of even date from Grantee
to Paul Hemphill, Trustee.

Property (including any improvements):

Being the North 1/2 of Russell-Champion Subdivision, South Padre Island,
Cameron County, Texas, according to Map or Plat thereof recorded in
Volume 19, Page 62, Map Records of Cameron County, Texas.



Reservations from and Exceptions to Conveyance and Warranty:

(e)  Reservation of One-sixteenth (1/16) non-participating royalty interest, being 1/2
of 1/8 interest in all oil, gas and other minerals in Deed dated October 12, 1951,
executed by South Padre Island Corporation to John L. Tompkins, Trustee, and recorded
in Volume 527, Page 139, Deed Records, Cameron County, Texas, reference to which
instrument is here made for all purposes. Title to said interest not checked
subsequent to date of aforesaid instrument.

(f)  Reservation of all oil, gas and other minerals, SAVE AND EXCEPT 1/4th of 1/8th
royalty interest, in Deed dated August 28, 1956, executed by John Tompkins,
Trustee to George E. Knox and recorded in Volume 623, Page 230, Deed Records,
Cameron County, Texas, reference to which instrument is here made for all purposes.
Title to said interest not checked subsequent to date of aforesaid instrument.

(g)  Reservation of all oil, gas and other minerals, SAVE AND EXCEPT 1/4th of 1/8th
royalty interest, in Deed dated January 24, 1961, executed by John Tompkins,
Trustee to Reeves Russell and T.R. Snead and recorded in Volume 705, Page 58,
Deed Records, Cameron County, Texas, reference to which instrument is here made
for all purposes. Title to said interest not checked subsequent to date of
aforesaid instrument.

(c)  Statutory rights in favor of Cameron County Fresh Supply District No. One (1),
pursuant to applicable sections of the Texas Water Code.

(d)  Easements in favor of Cameron County Fresh Supply District No. One (1).

(h)  Utility Easement, along the West side as shown on the map of the subdivision
herein referred to.

(i)  Twenty five foot (25') building line along the North and East side as shown on
the map of the subdivision herein referred to.

(j)  Overlapping of improvements (1 story frame house) into the utility easement along
the West side as shown on Survey dated July 18, 1989, bearing job no. 2900,
prepared by Magin & Sons, Incorporated.

VOL. 923 PAGE 172

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

STATE OF TEXAS
COUNTY OF CAMERON

VOL 923 PAGE 173

This instrument was acknowledged before me on the 31st day of August ,
1989.

Abrahan Galonsky, Trustee

Guillermina Galonsky, Trustee

(Acknowledgment)

STATE OF TEXAS
COUNTY OF Cameron

This instrument was acknowledged before me on the    31st    day of  August    , 19 89
by Abraham Galonsky, Trustee and Guillermina Galonsky, Trustee

Notary Public, State of Texas
Notary's name (printed):
Noemi G. Campos
Notary's commission expires: 4/21/93

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the                day of             , 19
by
of
a
corporation, on behalf of said corporation.

Notary Public, State of Texas
Notary's name (printed):

Notary's commission expires:

AFTER RECORDING RETURN TO:                    PREPARED IN THE LAW OFFICE OF

VOL 923 PAGE 174

STTC $7.00   89-24402 P

226S3

FILED FOR RE...
AT

Sep 1  4 22 PM '89

JOS C. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

STATE OF TEXAS
COUNTY OF CAMERON

I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me



County Clerk
Cameron County, Texas

RETURN TO:
Frank Tolley
P.O. Box 560182
Dallas, Texas 75356

*Ex4 J*

2004 - WARRANTY DEED (Long Form)                    **4005**                    TEXAS PROFESSIONAL FORM

1858 : 318                    OFFICIAL RECORDS

## WARRANTY DEED
### (LONG FORM)

THE STATE OF TEXAS

COUNTY OF  Cameron                    } KNOW ALL MEN BY THESE PRESENTS:

That I, Frank Tolley

of the County of     **Dallas**     and State of     **Texas**     for and in

consideration of the sum of     10 (Ten) and n0/100th ----   $10.00 _____ DOLLARS

and other valuable consideration to the undersigned paid by the grantee     herein named, the receipt of which

is hereby acknowledged,

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

Foxrun And Co., Nominee

of the County of     **Dallas**     and State of     **Texas**     , all of

the following described real property in           Cameron           County, Texas, to-wit:
The north half of Russell – Champion subdivision, South Padre Island,
Cameron County, Texas, according to the map or plat thereof recorded in
Volume 19, Page 62, Map Records of Cameron County, Texas and further
recorded in Volume 1298, at Page 142, document No. 24791, dated September 10,
1990, and being the same property conveyed by Abraham Galosky and wife
Guillerminia Galonsky, Trustees to Frank Tolley, and further described in
the survey attached to and made a part of this instrument.





VOL 1858 PAGE 320

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said grantee . **their** heirs and assigns forever; and ᴵ do hereby bind **myself and my** heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee . **their** heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this ___7th___ day of ___January___ . A.D. 19⁹²  .

_Frank Tolley_
Frank Tolley

Mailing address of grantee:

Name:
Address:          Foxrun and Co.
                  Box 560182
                  Dallas, Texas  75356

(Acknowledgment)

STATE OF TEXAS
COUNTY OF  DALLAS

This instrument was acknowledged before me on the 7th day of January , 1992
by   Frank Tolley

My commission expires:          _Jordy Taylor_
10-6-92                         Notary Public, State of Texas
                                Notary's printed name:

BOOK 1858 PAGE 321

(Acknowledgment)

STATE OF TEXAS
COUNTY OF  Dallas

This instrument was acknowledged before me on the _____ day of _____, 1992
by    Frank Tolley

My commission expires:

_____                    _____
                                              Notary Public, State of Texas
                                              Notary's printed name:

_____

(Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the        day of                .19
by

My commission expires:                        _____
                                              Notary Public, State of Texas
                                              Notary's printed name:

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the        day of                .19
by
of
a                                  corporation, on behalf of said corporation.

My commission expires:                        _____
                                              Notary Public, State of Texas
_____                      Notary's printed name:

4005

**Warranty Deed**
(Long Form)

TO

FILED FOR RECORD
AT _____
Feb 6  4 23 PM '92

CLER
CAMERON
BY

WHEN RECORDED RETURN TO

The Ooee Company, Dallas, TX 75238

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me

County Clerk
Cameron County, Texas



*Exh. O*

```
                        Print Key Output                           Page   1
        5769SS1 V4R4M0 990521              S10B1420        05/24/01  14:09:00


        Display Device . . . . . :  DSP19
        User . . . . . . . . . :  STATEMENTS

    KMAST               EZ-TAX Master Screen            Eff Date:  6/01/2001
    Account Number: 67/7220/0000/0200/00          Billing No: 114792
    Alternate No  : R039311                       TDC: GCC         SS
              Record Status:      Record Access: R           SC
        Name FOXRUN AND CO                        StCd L&I A1A A1A   PType  R
        Add1 305 ELM ST                           Exmpt Code      Own
        Add2                                      Map # 10-10-05    Rt/Mail
        Add3                                      Mr&g
        City ABBEVILLE            Cart            Tax Certificate Dt  1/31/2000
        St   AL Ctry          Zip 36310 -         Date Last Updated  9/07/2000
        Leg1 SO PADRE IS- RUSS-CHAMP              Volume/Pag     0 /      0
        Leg2 N1/2 62.5' X100'                     Receipt No 875108  Teller ML2
        Leg3                                      Pd 1/10/2001  By PINKERTON, RO
        Leg4                                      CauseNo             Sup
        Leg5                                      Bnkrpt#             Lnk
        Ac      .000 MX .000000  UI .0000000      JtD          Agnt
              Location Address                    OwnTyp   Alt P     CapOfc
        Str No   135     Dir E   Type   .         Fees:
        Str Na BAHAMA             Box
        City   SOUTH PADRE ISLAND
                                                  Tot Unpaid Fees:
        User Codes:                      Delq 0 PI:  N:  E:  A:  L:    /
          Delq Tax:        .00   Current Tax:    .00  Total Due:      .00
    3=Ex F5=Stmt F7=Cert F14=Submenu F18=EffDt F22/23=PgFee F24=Updt
```



GOVERNMENT EXHIBIT

```
                        Print Key Output                           Page   1
        5769SS1 V4R4M0 990521              S10B1420        05/24/01  14:09:28


        Display Device . . . . . :  DSP19
        User . . . . . . . . . :  STATEMENTS

    illNum: 114792          EZ-TAX Parcel Screen         Eff Date: 5/24/2001
    cctNum: 6772200000020000  Year: 2000 Seq:    Type    Access R Pg  9 / 9
    ap Hms    115991   Nhs               Tot   115991  ExmCode     AdjCode
    nd Hms    83875    Nhs               Tot    83875  Alt         Area
    ı Mkt              Usa               Def          Spc
```

```
20010524  TC8006      POINT ISABEL ISD        - ACCOUNT STATUS      121229

ACCOUNT 6772200000020000              AMT DUE AS OF: 20010524 ROLL R  ALT OWN
UNITS:01 03 04                        OMIT(-)/SEL(+)
FOXRUN AND CO                         SO PADRE IS- RUSS-CHAMP
305 ELM ST                            N1/2 62.5'X100'


ABBEVILLE              AL 36310-0000
ACRES           .0000            PARCEL ADDRESS     135  BAHAMA
YEAR GROSS VAL HOVDFAER  RCVL LEVY    REM LEVY     FEES    PAYMENTS  TOTAL DUE
2000   199866     0      3548.36 01/02/2001     35.48-   3512.88        .00
1999   199866     0      3477.53 12/29/1999     69.56-   3407.97        .00
1998   170471     0      2951.21 12/01/1998     59.02-   2892.19        .00
1997   171469     0      2909.78 11/26/1997     24.54-   2885.24        .00
1996   171680     0      2928.19 02/26/1997    204.98    3133.17        .00
1995   171680            2960.71 10/31/1995     27.53-   2933.18        .00



            TOTAL        .00        .00      .00
   LAST PAYOR OWNER                     PAGE TOTAL         .00
                                  CUMULATIVE TOTAL         .00
ENTER NEXT ACCOUNT
```

```
FRNT/RUN                                                          Card Number: 001
ACC#: 67-7220-0000-0200-00                              Tcc: 666 / 666  TPI CSC: CS1
Name: KUN AND CO                                        FYr/Cal 000/0
      305 ELM ST                                        Exemptions:
ABBEVILLE, AL  36310-                                   Kecheck Code:
                                                        Use Codes RR       Date 01/27/1
                                         Alt#: R039311  Use Codes RS4
                                         Legal:   13-  RUSS-CHAMP
                                         50/ADRE 48- RUSS-CHAMP
                                         N1/2 62.5X100'.
Property Location                        Acc     0.0000
Strt Nmbr  135  Strt Dir E               Property Type RR
Strt Name  BAHAMA                        Remarks:
Strt Type       Suite/B
Loc City   SOUTH PADRE ISLAND            Image Id:

SALES HISTORY
Current Owner Sale                Stcod  Zone                Uti
Sale Type                         A1A A1A  8        Nh      MAI       Rd
Information Src                                              Map       11
DATE (mm/yr)      00/0000  Link          Yrbit 1963  Elstrmg  10-10-05  P
Volume & Page         /                  Garg Typ    Fnd CS
Sales Amount                             Rooft Typ             Ext  WB
                                         Bsmtr       Mat
Sale Type      Previous Owner  Sale      Intrf       Fir       0.00
Information Src                          Heata       Etn
DATE (mm/yr)      00/1900  Link          No. Br
Volume & Page         /                  Typi      8  Phobs   00
Sales Amount                             No. Fp       Ecobs   00
Pow1 GALONSKY, ABRAHAM & GUILLE          PhyD    0    Fnobs   00
Pow2 TOLLEY, FRANK
Pow3 GALONSKY, ABRAHAM ET AL             Improvement Remarks
Agent Code          Instrument
R-RESIDENCE  FLOOR 1 PLUS        L 1.000  P 1.000  W 1.000
             FRAME 6 PLUS        L 1.000  P 1.000  W 1.000
             PER  MM/YR
Bldg         Val
Mrkt Cmp                          SKETCH
Mass Inc

CODE  Description
M-RF6  R-RESIDENCE FRAME 6
 OPT1  OPEN PORCH 1/3
 GAR2  GARAGE 2/3
 MA2   MAIN AREA-2ND FLOOR
 OPT0  OPEN PORCH 1/3
 FCC0  CONCRETE DRIVE
 OPD0  WB-RW
 OP0-GP WEB-WOOD FENCE
 O0-SP  SWIMMING POOL

LAND CODE  AG CODE  1P SCH   FRONT
67.7220.0207            SF A1AY  62.50
```

Total Improvement Segment
VALUE
LAND CODE    DEPTH
           100.00

```
                    Print Key Output                                Page   1
5769SS1 V4R4M0 990521                S10B1420          05/24/01   14:09:00

  Display Device  . . . . . :  DSP19
  User  . . . . . . . . . . :  STATEMENTS

TXMAST                   EZ-TAX Master Screen           Eff Date:  6/01/2001
  Account Number: 67/7220/0000/0200/00       Billing No: 114792
  Alternate No : R039311                     TDC: GCC            SS
           Record Status:   Record Access: R   SC
   Name FOXRUN AND CO                         StCd L&I A1A A1A     PType  R
   Add1 305 ELM ST                            Exmpt Code     Own
   Add2                                       Map # 10-10-05       Rt/Mail
   Add3                                       Mtg
   City ABBEVILLE           Cart              Tax Certificate Dt  1/31/2000
   St   AL  Ctry            Zip 36310 -       Date Last Updated   9/07/2000
   Leg1 SO PADRE IS- RUSS-CHAMP               Volume/Pag    0 /    0
   Leg2 N1/2 62.5'X100'                       Receipt No 875108 Teller ML2
   Leg3                                       Pd  1/10/2001  By PINKERTON, RO
   Leg4                                       CauseNo               Sup
   Leg5                                       Bnkrpt#               Lnk
   Ac      .000 MX .000000  UI .0000000       JtD          Agnt
           Location Address                   OwnTyp    Alt P    CmpOfc
   Str No    135    Dir E   Type              Fees:
   Str Nm BAHAMA            Box
   City    SOUTH PADRE ISLAND

                                  Tot Unpaid Fees:
   User Codes:                  Delq 0 PI:  N:   E:   A:   L:
     Delq Tax:       .00  Current Tax:      .00  Total Due:        .00
 F3=Ex F5=Stmt F7=Cert F14=Submenu F18=EffDt F22/23=PgFee F24=Updt
```

Attachment 1

```
20010524  TC8006    POINT ISABEL ISD          - ACCOUNT STATUS      121229

ACCOUNT 6772200000020000           AMT DUE AS OF: 20010524 ROLL R  ALT OWN
UNITS:01 03 04                     OMIT(-)/SEL(+)
FOXRUN AND CO                        SO PADRE IS- RUSS-CHAMP
305 ELM ST                           N1/2 62.5'X100'


ABBEVILLE              AL 36310-0000
ACRES          .0000              PARCEL ADDRESS      135  BAHAMA
YEAR GROSS VAL HOVDFAER  RCVL LEVY   REM LEVY      FEES   PAYMENTS  TOTAL DUE
2000   199866     0      3548.36 01/02/2001     35.48-    3512.88       .00
1999   199866     0      3477.53 12/29/1999     69.56-    3407.97       .00
1998   170471     0      2951.21 12/01/1998     59.02-    2892.19       .00
1997   171469     0      2909.78 11/26/1997     24.54-    2885.24       .00
1996   171680     0      2928.19 02/26/1997    204.98     3133.17       .00
1995   171680             2960.71 10/31/1995    27.53-    2933.18       .00



          TOTAL          .00         .00        .00
LAST PAYOR OWNER                              PAGE TOTAL          .00
                                         CUMULATIVE TOTAL         .00
ENTER NEXT ACCOUNT
```

Attachment 2

```
20010524  TC8006     POINT ISABEL ISD            - ACCOUNT STATUS        121229

ACCOUNT 6772200000020000          AMT DUE AS OF: 20010524 ROLL R  ALT OWN
UNITS:01 03 04                    OMIT(-)/SEL(+)
FOXRUN AND CO                         SO PADRE IS- RUSS-CHAMP
305 ELM ST                        N1/2 62.5'X100'


ABBEVILLE              AL 36310-0000
ACRES         .0000              PARCEL ADDRESS      135  BAHAMA
YEAR GROSS VAL HOVDFAER   RCVL LEVY   REM LEVY      FEES   PAYMENTS   TOTAL DUE
2000   199866    0        3548.36 01/02/2001      35.48-   3512.88        .00
1999   199866    0        3477.53 12/29/1999      69.56-   3407.97        .00
1998   170471    0        2951.21 12/01/1998      59.02-   2892.19        .00
1997   171469    0        2909.78 11/26/1997      24.54-   2885.24        .00
1996   171680    0        2928.19 02/26/1997     204.98    3133.17        .00
1995   171680             2960.71 10/31/1995      27.53-   2933.18        .00



            TOTAL         .00       .00       .00
   LAST PAYOR OWNER                         PAGE TOTAL         .00
                                   CUMULATIVE TOTAL           .00
ENTER NEXT ACCOUNT
```



| Certification of Lack of Record | Date |
|---|---|
| | **August 15, 2002** |

**To Whom It May Concern:**

*I certify that I have legal custody of Federal Tax Forms and related documents filed in the Internal Revenue Service Office, 3651 S. Interregional Hwy., Austin, Texas 73301*

*I further certify that a thorough search has been made of the records in my custody and no tax form, as described below, was found to have been filed in the name of the person indicated.*

*Name of Person*
**Frank M. Tolley**                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

*Address*
**1224 W. Price Road #20**
**Brownsville, TX 78520-8672-997**

*Kind of Tax Form*
**Form 1040**

*Tax Periods*
**199212, 199312, 199412, 199512, 199612, 199712, 199812, 199912, 200012, 200112**

*I have signed this certification and affixed to it the seal of this office on the date shown at the top of this page.*



Name:   **Reginald B. McFadden**
Title:   **Director, Internal Revenue Service**
            **Midstates Region, Austin, Texas 73301**

Signature: *Derwin Hall*
                    for

| Form 3050 (Rev. 8-80) | *U.S. GPO: 1988-202-004/81659 | Department of the Treasury – Internal Revenue Service |
|---|---|---|



^ 2004 - WARRANTY DEED (Long Form)　　　　　　　　　　TEXAS PROFESSIONAL FORM

# S P E C I A L
# *WARRANTY DEED*
### (LONG FORM)

DEED　　10.00
TOTL　**10.00**
A001　7155 0000000 8346　2:42PM　1/17/92

THE STATE OF TEXAS

COUNTY OF COLLIN

KNOW ALL MEN BY THESE PRESENTS:

That　DALLAS NORTH DEVELOPMENT CORPORATION, by and through its

Executive Vice President and agent, P. Monette Schneider,

of the County of Collin　　　　and State of　Texas　　　　for and in

consideration of the sum of Ten and no/100------------------------------- DOLLARS

and other valuable consideration to the undersigned paid by the grantee　herein named, the receipt of which

is hereby acknowledged,



have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

FRANK TOLLEY

of the County of　Dallas　　　　and State of　Texas　　　　, all of

the following described real property in　Dallas　　　　County, Texas, to-wit:

See Exhibit "A" attached hereto and made a part hereof for all purposes.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

92012　0469

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said grantee      ,           his            heirs and assigns forever; and        do hereby bind        h i s                    heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee     .     his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this    as of this 10th          day of    December              , A. D. 1991

                                                        DALLAS NORTH DEVELOPMENT CORP.

                                                        P. Monette Schneider
                                                        Executive Vice President

Mailing address of grantee:

Name:
Address:

                                            (Acknowledgment)

STATE OF TEXAS
COUNTY OF   Collin

This instrument was acknowledged before me on the 10th  day of       December           , 19 91 .
by   P. Monette Schneider

My commission expires:

10-6-92

                                        Notary Public, State of Texas
                                        Notary's printed name:  SANDY TAYLOR

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

92012  0470

3

## Exhibit A

Unit 103, Building V, and an undivided 0.4417% interest in the common elements of Faulkner Point Condominium, a Condominium Regime in the City of Garland, Dallas County, Texas, according to the declaration and master deed recorded in Volume 80172, Page 3996, Condominium Records, Dallas County, Texas, refiled and re-recorded in Volume 80178, Page 2354, Condominium Records, Dallas County, Texas and supplemental declarations recorded in Volume 80241, Page 673, Deed Records, Dallas County, Texas, and Volume 81073, Page 1301, Deed Records, Dallas County, Texas, and supplemental declarations recorded in Volume 81149, Page 2074, Deed Records, Dallas County, Texas and supplemental declarations recorded in Volume 81210, Page 2406, Deed Records, Dallas County, Texas and from Guaranty Federal Savings Bank to Dallas North Development Corporation and otherwise known as 4472 Faulkner Point Drive, #103, Garland, Texas 75043.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

92012  0474

11748 01956

COUNTY CLERK, Dallas County, Texas

*Earl Bullock*

JAN 17 1992

I hereby certify this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the named records of Dallas County, Texas as stamped hereon by me.

STATE OF TEXAS
COUNTY OF DALLAS

Any provisions herein which restricts the sale, rental, or use of the described real property because of color or race is invalid and unenforceable under federal law.

LINDI MASSEY
PARALEGAL

BURLESON, PATE & GIBSON
SUITE SEVEN HUNDRED
2414 NORTH AKARD
DALLAS, TEXAS 75201
(214) 871-4900

THE STATE OF TEXAS
COUNTY OF DALLAS

I hereby certify that the above and foregoing is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, filed on the date stamped thereon and as the same is recorded in the Recorder's Records in my office under the volume and page stamped thereon. I hereby certify on

AUG 19 2002

Earl Bullock
COUNTY CLERK, Dallas County, Texas
By _____ Deputy



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE



FILED
92 JAN 17 PM 2:42
EARL BULLOCK
COUNTY CLERK
DALLAS COUNTY

92012  0472



2251
Prepared by the State Bar of Texas for use by lawyers only.
Revised 10-85.
© 1985 by the State Bar of Texas

# WARRANTY DEED

Date:     May 5, 1992

DEED
TOTL      8.00
A001    1843 0000000 9880  9:21AM  5/15/92

Grantor:     Frank Tolley

Grantor's Mailing Address (including county):     P.O. Box  560182
                                                  Dallas, Dallas County, Texas  75356

Grantee:     Caddo & Co., Nominee

Grantee's Mailing Address (including county):     5757 Alpha Rd., #920
                                                  Dallas, Dallas County, Texas  75240

Consideration:     Ten Dollars ($10.00) and other good and valuable consideration

Property (including any improvements):

      Unit 103, Building V, and an undivided 0.4417% interest
      in the common elements of Faulkner Point Condominium, a
      condominium regime in the City of Garland, Dallas County,
      Texas, according to the declaration and Master Deed
      recorded in Volume 80172, Page 3996, Condominium Records,
      Dallas County, Texas, refiled and re-recorded in Volume
      80178, Page 2354, Condominium Records, Dallas County,
      Texas, and supplemental declarations recorded in Volume
      80241, Page673, Deed Records, Dallas County, Texas, and
      Volume 81073, Page 1301, Deed Records, Dallas County,
      Texas and supplemental declarations recorded in Volume
      81149, Page 2074, Deed Records, Dallas County, Texas,
      and supplemental declarations recorded in Volume 81210,
      Page 2406, Deed Records, Dallas County, Texas, and
      otherwise known as 4472 Faulkner Point Drive, #103,Garland,
      Texas  75043

Reservations from and Exceptions to Conveyance and Warranty:

      Any and all valid easements and liens of record.



92896  0702


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells,
and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to
have and to hold it to Grantee. Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor
and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to
Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully
claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

FRANK TOLLEY

(Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the _____5th____ day of ___May____ , 19 92

by FRANK Tolley

Notary Public, State of Texas
Notary's name (printed): SANDY TAYLOR
Notary's commission expires: 10-6-92

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on the _____ day of _____ , 19 ____

by
of
a _____ corporation, on behalf of said corporation.

Notary Public, State of Texas
Notary's name (printed):

Notary's commission expires:

AUG 19 2002

AFTER RECORDING RETURN TO:                    PREPARED IN THE LAW OFFICE OF:

    William C. Smothermon, Trustee
    5757 Alpha, #920
    Dallas, Texas  75240



92096    0703



To: Marguerite Koole                    From: Harden, Curtis                    4-9-98  1:19pm  p. 2 of 13

## TRUST AGREEMENT

FRANK TOLLEY, Trustor, of Dallas County, Texas, Trustor transfers and delivers to WILLIAM C. SMOTHERMON, Trustee, all the property described in attached Exhibit A, to constitute, together with any other property that becomes subject to this Agreement, the Trust Estate, to be held, administered, and distributed by the Trustee as provided in this Agreement.

### ARTICLE 1.   TRUST ESTATE

#### 1.01   Trust Irrevocable

This Trust is irrevocable and is not subject to amendment. The Trustor expressly waives all rights and powers, whether exercisable alone or in conjunction with others, and regardless of when or from what source the Trustor acquires the rights or powers, to alter, amend, revoke, or terminate this Trust, or any of its terms, whole or in part.   The Trustor expressly relinquishes Trustor's possession, enjoyment of, or right to income from, the Trust Estate and waives all rights and powers to designate the persons who shall possess or enjoy the assets of, or income from the Trust Estate.

#### 1.02   Additional Property

The Trustor and any other person may at any time during lifetime or by will add to the corpus of this Trust.   Any additional property must be acceptable to the Trustee; after receipt, the additional property shall be held, administered, and distributed as part of the Trust Estate.

TRUST AGREEMENT - PAGE 1



GOVERNMENT EXHIBIT
19

### ARTICLE 2.   DISTRIBUTIONS BY TRUSTEE

**2.01   Distribution of Income**

      The Trustee shall, in the Trustee's sole discretion, pay to or apply for the benefit of the primary Beneficiary, in equitable shares, all the net income earned by the Trust.

**2.02   Income After Death of Beneficiary**

      If any of the Beneficiaries dies before the termination of this Trust, the Trustee shall, not less often than annually, pay to or apply for the benefit of the surviving Beneficiaries, in equitable shares, all of the net income earned by the Trust Estate.

**2.03   Invasion of Principal for Income Beneficiary**

      The Trustee may distribute to or for the benefit of the primary Beneficiary, in addition to net income, any or all of the Trust principal, that the Trustee, in Trustee's discretion, believes necessary for the education, health, or support of the Beneficiary.  In exercising discretion, the Trustee shall take into account any funds that are available to the Beneficiary to meet those needs from any source other than this Trust.

**2.04   Termination of Trust**

      Upon the death of JACK COWART PATE this Trust shall terminate and any remaining Trust Estate shall be transferred to the Jack C. Pate (1987) Trust, R. Knox Tyson, Trustee.  If in the opinion of the Trustee or the primary Beneficiary, the value of the Trust assets have declined in value, and the availability of

TRUST AGREEMENT - PAGE 2

RECEIVED   4 8 98,   ':31PM,   98 -092 >> IRS COLLECTIONS;   #4

income has declined, so as to make the further continuance of this Trust unwise and uneconomical and not in the best interest of the Beneficiaries, the Trustee, with the approval of the primary Beneficiary, may terminate this Trust and distribute any remaining Trust Estate to the primary Beneficiary or the contingent Beneficiaries, in the sole discretion of the Trustee, free of Trust.

2.05    **Premature Death of Beneficiary**

If any contingent Beneficiary dies before the death of the primary Beneficiary, then the deceased contingent Beneficiary's share of the Trust Estate, as then constituted, shall lapse.

2.06    **Premature Death of All Beneficiaries**

If all contingent Beneficiaries die before the death of JACK COWART PATE, this Trust shall terminate on the death of the primary Beneficiary.  Any remaining Trust Estate shall be distributed in fee by right of representation to the surviving issue of the last surviving Beneficiary.  If the last surviving Beneficiary leaves no surviving issue, then the Trust Estate shall be distributed in fee to that Beneficiary's heirs-at-law, as determined under the laws of Texas, by right of representation.  However, in no event may the Trust Estate be distributed to the Trustor or Trustor's estate.

2.07    **Identification of the Beneficiaries**

The primary Beneficiary of this Trust is JACK COWART PATE, born February 1, 1940.  The contingent Beneficiaries of this Trust are JUSTIN COWART PATE, born July 15, 1976 and SUSAN NICOLE

TRUST AGREEMENT - PAGE 3

To: Marguerite Koole          From: Harden, Curtis          4-8-98  1:30ba   p. 5 of 13

PATE, born October 9, 1978.  The contingent beneficiaries are the children of JACK C. PATE.

### ARTICLE 3.    POWERS OF TRUSTEE

3.01   **Fiduciary Capacity**

In the administration of this Trust, the Trustee shall have the powers specified in this Article 3.  These powers shall be exercised in a fiduciary capacity, as the Trustee deems just and proper, primarily for the best interest of the Trust and the Beneficiaries.

3.02   **Retain Investments**

The Trustee may retain in the Trust any property received by the Trustee, and to operate, at the risk of the Trust Estate, any business or property received by the Trustee, as long as the Trustee considers it advisable, provided the return from all investments is reasonable in light of the existing circumstances.

3.03   **Management of Trust Property**

The Trustee has the power, with respect to any and all property held in Trust pursuant to this Agreement, whether principal or accumulated income of the Trust Estate, to perform the following acts:

(1)  Sell, convey, exchange, convert, improve, repair, manage, operate. and control Trust property;

(2)  Rent or lease for terms within or beyond the term of this Trust, and enter into covenants or agreements relating to the lease property or any improvements on the property;

TRUST AGREEMENT - PAGE 4

To: Marguerite Koole    From: Harden, Curtis    4-8-98  1:30pm   p. 5 of 13

(3) Encumber or hypothecate for any Trust purpose by mortgage, deed of Trust, pledge, or otherwise;

(4) Carry insurance in the type and amounts the Trustee deems advisable at the expense of the Trust;

(5) Commence, compromise, settle, arbitrate, or defend at the expense of the Trust any litigation with respect to the Trust as the Trustee deems necessary or advisable;

(6) Invest and reinvest the Trust Estate in any real or personal property, and in any kind of investment, including but not limited to, corporate obligations, shares of stock, mutual funds, and investment trusts, that persons of prudence, discretion, and intelligence would acquire for their own account, provided that the return from all investments must be reasonable in light of the existing circumstances;

(7) Vote and give proxies to vote any securities, including securities of the Trustee, held by the Trust;

(8) Pay any assessments or other charges levied on any shares or other security held by it in Trust;

(9) Exercise any subscription, conversion, or other rights or options that at any time attach, belong, or are given to the holders of any shares, bonds, securities, or other instruments forming part of the Trust Estate;

(10) Participate in any foreclosure, reorganization, consolidation, merger, or liquidation of any corporation or organization that had issued securities that are part of the Trust Estate, including depositing securities with, or

TRUST AGREEMENT - PAGE 5

To: Marguerite Koole          From: Harden, Curtis          4-8-98  1:30pm   p. 7 of 13

transferring title of securities to, any committee established to further or defeat the plan or proceeding;

(11) Enforce any mortgage or deed of trust or pledge held by the Trust, and to bid and purchase any property subject to the mortgage, deed of trust, or pledge, for and at the expense of the Trust; and

(12) Perform all acts and exercise all rights and privileges consistent with powers conferred by law, subject to any limitations expressly set forth in this Agreement.

3.04    **Power to Borrow**

The Trustee may borrow money for any Trust purpose, on whatever terms and conditions the Trustee deems proper, and is authorized to obligate the Trust to repay the borrowed money.

3.05    **Manner of Holding Trust Property**

The Trustee may hold securities or other property subject to this Trust in the Trustee's own name with or without designation of the name of the individual Beneficiaries, or Trustor, with or without showing the property to be held in Trust, or in a nominee name with or without showing a fiduciary capacity, or unregistered so that ownership passes by delivery.

3.06    **Determination of Principal and Income**

Except as otherwise specifically provided in this Agreement, the Trustee shall allocate all receipts and expenditures received or incurred by the Trustee in administering this Trust in the manner provided by the Texas Trust Code as in effect on the date of this Agreement.

**TRUST AGREEMENT** - PAGE 6

3.07   **Taxes and Expenses of Trust**

All property taxes, assessments, fees, charges, and other expenses incurred by the Trustee in the administration or protection of this Trust, including the compensation of the Trustee provided for in this Agreement, shall be a charge against the Trust Estate and shall be paid by the Trustee before final distribution of the Trust Estate out of the principal or income of the Trust as allocated by the Trustee under general accounting principles.

3.08   **Limitation on Powers of Trustees**

Notwithstanding any provision of this Agreement to the contrary, no powers enumerated or accorded to the Trustee under this Agreement pursuant to law shall be construed to enable the Trustor, the Trustee, or any other person to sell, purchase, exchange, or otherwise deal with or dispose of all or any part of the principal or income of the Trust for less than adequate consideration in money or money's worth. Further, nothing shall be construed to allow the Trustor or any other person to borrow income or principal without adequate interest or security. No person other than the Trustee acting in a fiduciary capacity shall have or exercise the power to vote or direct the voting of any corporate shares or other securities of this Trust, to control the investment of this Trust by directing investments or reinvestments, or to reacquire or exchange any property of this Trust by substituting other property of equivalent value.

**TRUST AGREEMENT** - PAGE 7

To: Marguerite Koole                      From: Harden, Curtis                      4-8-98  1:31pm   p. 3 of 13

## ARTICLE 4.  ADMINISTRATIVE AND OPERATIONAL PROVISIONS

### 4.01   Taxes and Expenses of Trust

All property taxes, assessments, fees, charges, and other expenses incurred by the Trustee in the administration or protection of this Trust, including the compensation of the Trustee, shall be a charge on the Trust Estate and shall be paid by the Trustee before the final distribution of the Trust Estate. These sums shall be paid out of Trust principal or income in whatever manner and proportions that the Trustee in Trustee's absolute discretion determines to be advisable.

### 4.02   Spendthrift Provision

No Beneficiary of this Trust shall have any right, power, or authority to alienate, encumber, or hypothecate his or her interest in the principal or income of this Trust in any manner.

### 4.03   Payments to Minors

Whenever payment is to be made to or for the benefit of a minor, the Trustee may make the payment directly to the minor as an allowance, to the guardian of the minor, or to any other person having the care and control of the minor, other than the Trustor.

### 4.04   Payments to Incompetents

Whenever payment is to be made to an incompetent, the Trustee may make the payment to the guardian of the person or the estate. The term "incompetent" refers to all cases in which a guardian of the person or estate of any person having rights under this Agreement has been appointed by a court of competent

TRUST AGREEMENT - PAGE 8

jurisdiction.

4.05    **Appointment of Successor Trustee**

The Trustee may resign at any time.  On Trustee's resignation or death, the Trustor appoints GARY A. GRIMES of Mesquite, Texas as successor Trustee.  If both WILLIAM C. SMOTHERMON and GARY A. GRIMES resign or die, the Trustor grants R. KNOX TYSON the power to appoint a successor Trustee, with the approval of at least one adult beneficiary.

4.06    **Rights and Powers of Successor Trustee**

Any successor Trustee appointed under Paragraph 4.05, above, because of the death, resignation, or other act of the Trustee, shall immediately succeed to all title of the Trustee to the Trust Estate and to all powers, rights, discretions, obligations, and immunities of the Trustee under this Agreement as if the successor Trustee had been originally appointed Trustee.

4.07    **Compensation of Trustee**

The Trustee shall receive as compensation under this Agreement reasonable compensation and expenses, without the necessity of court order or approval.


ARTICLE 5.    MISCELLANEOUS PROVISIONS

5.01    **Applicable Law**

The Trust created by this Agreement has been accepted by the Trustee in the State of Texas, will be administered by the Trustee in Texas, and its validity, construction, and all rights

TRUST AGREEMENT - PAGE 5

To: Marguerite Koole                    From: Harden, Curtis                    4-8-33  1:31pm   p. 11 of 13

under it shall be governed by the laws of the State of Texas.

**5.02** <u>**Severability**</u>

Should any provision of this Agreement be or become invalid or unenforceable, the remaining provisions of this Agreement shall continue to be fully effective.

**5.03** <u>**Name**</u>

This **TRUST** may be referred to as the **WILLIAM C. SMOTHERMON** (1992) **TRUST**.

**5.04** <u>**Nominee Names**</u>

The Trust may hold property in the name of a nominee. The Trust's nominee names may include: "**Caddo and Co., Nominee**"; "**William C. Smothermon, Trustee**"; "**William C. Smothermon, Nominee**"; "**Justin C. Pate, Nominee**" or "**Nicole Pate, Nominee**".

**5.05** <u>**Addresses**</u>

The mailing address of **WILLIAM C. SMOTHERMON, Trustee**, is 5757 Alpha, #920, Dallas, Texas 75240. The mailing address of **FRANK TOLLEY**, Trustor, is P.O. Box 560182, Dallas, Texas 75247.

EXECUTED on _May 3_____, 19_92_, in _Dallas_____ County, Texas.

_____
TRUSTOR

_____
TRUSTEE

<u>**TRUST AGREEMENT**</u> - PAGE 10

RECEIVED   4  5  98,   3:4PM,                                From: Harden, Curtis                        4-6-98  1:32pm   p. 12 of 13
To: Marguerite Koole

### ACKNOWLEDGMENT

STATE OF TEXAS

COUNTY OF DALLAS

On this the 5th day of _May_____, 1992 before me, the undersigned Notary Public in and for the State of Texas, personally appeared **FRANK TOLLEY**, known to me to be the person named in and who executed the above instrument, and acknowledged that he executed it.

EXECUTED on the date above written.

NOTARY PUBLIC, STATE OF TEXAS

My Commission Expires: 10-6-92

TRUST AGREEMENT - PAGE 11